the name of the "Orange & Sullivan County Milk Association"; that there was or had been a corporation of that name of which her late husband was the president, and that upon his death she became the owner or proprietor of the creamery and business, and continued it under the same name; that under such name her agent made the contract in question with the plaintiff and the other patrons of the creamery. As the plaintiff was in no wise misled by the name in which defendant's testatrix contracted with him, he cannot repudiate his contract with her after he has performed it on his part. Goodsell v. Telegraph Co., 130 N. Y. 430, 29 N. E. 969. To hold that the plaintiff can make the defendant pay for the milk at the plaintiff's price, instead of that expressed in the contract, simply because the defendant's testatrix used a corporate instead of her individual name in binding herself, when both parties understood that she intended thereby to bind herself, would be unjust. Instead of giving effect to the intention of the parties, it would violate it. The defendant does not seek to escape the obligation of the contract. The plaintiff testifies that he signed the contract at the office of the creamery, Mr. Stiles, the agent of the defendant's testatrix in running the creamery, presenting it for his signature, the plaintiff at the time supposing him to be such agent, and that, after signing it, he delivered the milk.

For the error in striking out the contract the judgment must be reversed, and a new trial granted; costs to abide the event. All concur.

---

(42 App. Div. 370.)

### In re BAKER.

### In re WILBUR'S ESTATE.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. EXECUTORS AND ADMINISTRATORS—OMISSION OF ASSETS FROM INVENTORY—BURDEN OF PROOF.

Upon an accounting, the affirmative of establishing more assets than are acknowledged by the inventory and accounts is with the party objecting; and it must be established with reasonable certainty, and not left to mere conjecture or suspicion.

2. SAME—EVIDENCE TO FIX LIABILITY ON NOTE.

A note belonging to deceased was left with a relative some time before her death. On the day of payee's death, the depositary turned the note over to the maker, taking a receipt therefor. The note was omitted from the inventory. The party afterwards appointed administratrix of deceased's estate accompanied the maker at the time of the delivery, and requested same. The evidence as to the face of the note was not clear. The evidence as to the amount due was the recollection of a witness at the trial, two years after death of payee, of a computation made shortly before her death, and which he termed an "impression." The other evidence was that of a conversation with the maker, in which he gave the face of the note as less than that testified to by the former witness, and stated that there had been several payments made. *Held* insufficient to warrant the surrogate in finding the maker liable on the note for the amount testified to by the former witness.

Appeal from surrogate's court, Washington county.

In the matter of the final settlement of the accounts of Francis Baker as administratrix of the accounts of Elizabeth Wilbur, de-

ceased. From a decree of the surrogate, the administratrix, Mary Ann Irwin, and others appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Van Ness & Curry (C. H. Sturges, of counsel), for appellant.

James C. Rogers, for respondents.

MERWIN, J. The main question in this case relates to that part of the decree appealed from that charges the administratrix with the sum of $1,099.78, as being the amount of a note against J. Wilbur Gould, and interest to the date of the decree. It is found that the note was owned and held by the deceased at the time of her death. The note had been left by the deceased, some time before her death, in the custody of Paul Wilbur, a relative, but not one of her next of kin. The maker of the note was also a relative, but not one of the next of kin. The decedent died on 13th May, 1896, and letters of administration were issued to the appellant on June 19, 1896. She made an inventory, which was dated and verified September 14, 1896, but was not filed till February 7, 1898, which was after the commencement of the proceedings for an accounting. The amount of property, as stated in the inventory, is $383.42. It does not contain the note above referred to, and the note was not then, and never has been, in the possession of the administratrix. The parties contesting the account called as a witness Paul Wilbur. He testified as to a transaction between him and the maker of the note as follows:

"That note was given to Wilbur Gould just before her death. I could not say; one or two days before her death. Wilbur Gould came to my place, and asked me for the note,—said Elizabeth told me to give him the note; and I did, under the orders from her. He had a witness to prove that she told him to get the note. On these grounds, I told him he would have to give me a receipt; and I let him have the note, and he took and gave me a receipt saying that he had received the note."

The receipt, which was written by Gould in the presence of the witness Wilbur was put in evidence, and bears date May 13, 1896. The witness also testified that Miss Baker, who was afterwards appointed administratrix, was with Mr. Gould when he got the note and gave the receipt. The surrogate found that this transaction was on the day of the death of the decedent, evidently following the date of the receipt, instead of the testimony of the witness. There was no other evidence on that subject. The evidence is not clear as to the amount of the note. Paul Wilbur testified that he and Job Wilbur, quite a little time before the death of the decedent, figured up the amount due, and that, as near as he could remember, the amount was something like $750,—may have been $800. Job Wilbur, called by the contestant, testified that his impression was that there was a little over the interest paid on the note,—a little paid on the principal; that his impression was that "it was a one thousand dollar note,— something I did not charge my memory with"; that he could not say positively what amount he found due, but his impression was that it was a little less than the face of the note; would not say over $50. The administratrix, on the examination of the contestant,

testified that, shortly after the death of the decedent, Paul Wilbur said that the face of the note was $950, but that there had been several payments on it.  The surrogate charged the note to the administratrix at the amount of $950, and interest from May 1, 1896; evidently following the impression of the witness Job Wilbur, which he had some two years after the occurrence.  The maker of the note is evidently in the attitude of claiming that by order of the decedent the note was delivered up to him, as being paid or as a gift.  The appellant demanded of him that he account for it, but he declined to do so. There is no evidence that the debt, if there was one, has been lost by the delay.  Upon an accounting, the affirmative of establishing more assets than are acknowledged by the inventory and account is with the party objecting; and it must be established with reasonable certainty, and not left to mere conjecture or suspicion.  Marre v. Ginochio, 2 Bradf. Sur. 165.  We are not satisfied with the conclusion of the surrogate's court as to the amount due upon the note, or as to the liability of the appellant therefor.  It may be that the appellant should have been directed to prosecute (In re Underhill, 117 N. Y. 471, 22 N. E. 1120), but that we need not now consider.  A new trial should be granted, when there may be a more satisfactory investigation of the matter.  All concur.

Decree reversed upon the facts, and new trial granted; costs to abide the event.