(79 Misc. Rep. 244.)

COLONIAL BANK v. SUTTON.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

1. ASSIGNMENTS (§ 14*)—RIGHTS ASSIGNABLE—RECEIVER'S FEES.

The right of a receiver to his fees is inchoate, and upon the grounds of public policy unassignable until liquidated.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 22; Dec. Dig. § 14.*]

2. ASSIGNMENTS (§ 131*)—ACTIONS—PLEADING—ISSUES.

In an action for receiver's fees by an assignee thereof, the issue of the validity of the assignment is raised by a denial of the allegation of due assignment; the defense that unearned receiver's fees are not assignable not being personal to the receiver.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 220–226; Dec. Dig. § 131.*]

Appeal from City Court of New York, Trial Term.

Action by the Colonial Bank against George A. K. Sutton. Judgment for plaintiff, and defendant appeals. Reversed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

John E. Roeser, of New York City, for appellant.

Jesse S. Epstein, of New York City, for respondent.

LEHMAN, J. The plaintiff claims to be entitled to the fees and allowances of one Frederick E. Sutton as receiver of the Van Kannel Revolving Door Company.

[1] The basis of plaintiff's alleged title to these fees is an assignment made by the said Frederick E. Sutton prior to the time when the said fees were earned. This assignment, in my opinion, passed no title to the fees. The receiver, like an executor, occupies a position of trust, and the fees earned by him are inseparable from his position.

"Until ascertained and liquidated at the time and in the manner authorized by law, the commissions are not subject to the executor's disposal, but the right to them is inchoate and upon grounds of public policy unassignable." Matter of Worthington, 141 N. Y. 9, 35 N. E. 929, 23 L. R. A. 97.

[2] The learned trial justice recognized that the assignment was illegal and against public policy, but gave judgment nevertheless in favor of the plaintiff, on the ground that no such defense was pleaded, and that the defense of illegality was a personal defense. The conclusion, I think, involves an error. On the ground of public policy, the law has made the inchoate right to fees nonassignable. This quality is inherent in the subject-matter of the assignment, and no title can pass by the assignment. The defense that the assignment is illegal is, therefore, not personal to the receiver, and the issue of the legal effect of the assignment is properly raised by a denial of the allegation that the fees were duly assigned.

Judgment should be reversed, and judgment directed for the defendant, with costs in both courts. All concur.

*For other cases see same topic & § NUMBER in Dec.·& Am. Digs. 1907 to date, & Rep'r Indexes