In re HUNTER. (Supreme Court, Appellate Division, Fourth Department. July 7, 1915.) In

the matter of the final accounting of Mary Eva Grier Hunter, as executrix of James S. Patterson, deceased.

PER CURIAM. Decree affirmed, without costs. Held: (1) That the evidence supports the finding of the Surrogate that there was an assignment and transfer by the testator to the executrix of the property in controversy, and a delivery by him to her of an instrument in writing executed by him under seal, accompanied by the certificates of stock and other evidences of title of the property; and that the transaction amounted to a completed gift, inter vivos. (2) That the Surrogate was authorized to determine the question of ownership of the property upon the judicial accounting herein. (3) That the contestants having objected to the account of the executrix, contending that the property in question belonged to the testator at the time of his death and was a part of the assets of his estate, and that the account of the executrix should be surcharged with the value thereof, the burden of proof was upon the contestants to establish their contention. (4) That the omission to stamp the documents at the time of the execution and delivery thereof, as required by the federal War Revenue Act of 1898 (Act June 13, 1898, c. 448, 30 Stat. 448), did not necessarily have the effect to make delivery thereof incomplete, although a proper circumstance to be considered upon the question as to whether there was a delivery; that, in the absence of intent to evade the provisions of the Revenue Act, the omission to stamp the documents does not invalidate the transaction or affect the title of the donee, the United States Internal Revenue stamps having been thereafter supplied, affixed and canceled. (5) That the executrix is not entitled to recover the costs and expenses incurred in determining her title to the property, beyond the taxable costs. (6) Both parties having appealed, neither should have costs of the appeal.