J. STUART FRASER, Plaintiff, *v.* WILLIAM HENRY BOWERMAN et al., Defendants.

(Supreme Court, Niagara Equity Term, July, 1918.)

Partition — who may maintain action for — real property.
Wills — express trust — imperative power of sale — delay in exercising power of sale does not terminate trust — Real Property Law, § 100.

To entitle one to maintain an action for the partition of real estate he must be the owner of an interest therein; he must have title to a part thereof.

Where a testamentary trust provides for a sale of real estate within five years of the death of the husband of testatrix, to whom the use, rents, interest and income of the entire estate is given for life, such sale to be made by the executors for the benefit of the children of testatrix, and the executors are vested with power to rent the real estate, collect the rents and pay therefrom to the husband sufficient moneys to provide him comfortable support and maintenance, the power of sale is imperative in order to provide funds with which to pay a legacy to one child and divide the residue of the estate among the children of testatrix equally, as directed by the will.

Such provisions create and constitute an express trust, and by section 100 of the Real Property Law the legal estate vests in the executors, as trustees of an express trust, and a sale of the real estate during the lifetime of the husband would be in contravention of the trust and void.

The sale of the real estate being necessary under the will, the failure of the trustees for more than twenty years to exercise the power of sale or to perform the duties of the trust and to

provide moneys to be paid to the heirs of a son of testatrix who died five years after her did not result in a termination of the trust.

A conveyance of the real estate in which the husband joined being void the title still remains in the trustees, and an heir at law of the deceased son of testatrix has not such a title to the real estate as will permit him to maintain an action for partition, and his complaint will be dismissed, with costs.

ACTION for the partition of real estate.

Henry W. Willis, for plaintiff.

Storrs & Storrs, for Sarah J. Fraser.

Hopkins & Brim, for Sarah C. Hopkins.

Stockwell & Campbell, for Robert S. Fraser.

BROWN, J. By the 2d paragraph of the last will and testament of Sarah Fraser the entire use, rents, interest and income from her entire estate was given to her husband during his natural life, or so long as he should remain unmarried. By the codicil it was provided that the husband should have so much of the use, rents, interest and income as should be required for his personal support, etc., during the same period, instead of the entire use, etc. The codicil also declares the intention of the testatrix to be that from such use, income or rents his comfortable support and maintenance shall be paid during such period. The 4th paragraph of the will reads: " I will and direct that and after the death of my said husband or upon his remarriage and after his sickness and funeral expenses are paid (if he shall die single and unmarried), that any and all real estate and all personal property that may be left at that time belonging to the estate be sold by my executors hereinafter named and after paying all bills and debts as hereinbefore provided, that the avails and proceeds and income

from such sales be disposed of as follows, namely, I will and direct that my said executors pay over from the income of such sales to my daughter Sarah Jane Fraser the just and full sum of Two Thousand dollars to be hers and her heirs forever; and I further will and direct that the rest, residue and remainder be divided equally between each and all of my children share and share alike to be theirs or their heirs forever."

By the 5th paragraph of the will executors are appointed, " with full power to rent real estate when necessary and to collect rents   *   *   *.   and full power to sell and convey any real estate at and after the death or remarriage of my said husband using their own judgment as. to the time and times of such sale as shall be for the best interest of said estate not exceeding five years from and after my said husband's death or remarriage and as much sooner as may be for the best interest of my estate   *   *   *."

The testatrix died August 27, 1891, seized of the real estate described in the complaint, leaving her surviving the husband, John Fraser, and seven children, Sarah J., William A., Washington A., Robert S., John J., George H., and Isaac D.   Isaac D. died in 1896, leaving a widow, the defendant Maria L. Fraser, the defendant Olive L. McDowell, and the plaintiff J. Stuart Fraser, as his only heirs at law.   John Fraser, the husband of the testatrix, died in 1897, never having remarried.

On the 18th day of January, 1895, the executors of the last will and testament of the testatrix and the husband, John Fraser, executed and delivered a deed purporting to convey the real estate described in the complaint to the defendant Sarah J. Fraser, and concurrently therewith the husband, John Fraser, and all of the above named children of the testatrix, excepting

Isaac D. Fraser, executed an agreement reciting that
testatrix had died leaving creditors which her personal
estate was insufficient to pay, that two creditors had
instituted proceedings to sell decedent's real estate to
pay her debts, that the parties thereto were desirous
of having the claims of those two creditors paid with
out resort to such proceedings, and that to that end
the executors and John Fraser by request of the par-
ties thereto had conveyed by deed the real estate of
which Sarah Fraser died seized to Sarah J. Fraser,
and that Sarah J. Fraser, also by request of the par-
ties thereto, had executed a mortgage to each of said
creditors for the amount of his claim against decedent.
The said agreement further recited that the parties
thereto " hereby consent to and ratify and confirm
said conveyance of said executors * * * to the
same extent as if they had severally joined therein
and do hereby charge their and each of their right,
title and interest, whether by will of said Sarah
Fraser, deceased, or by the intestate laws of this state,
in and to her estate * * * with the payment of
their proportionate shares of said claims represented
by said mortgages." This agreement and the execu-
tors' deed were both duly recorded in Niagara county
clerk's office.

The defendant Sarah J. Fraser went into posses-
sion of said real estate under said deed and agree-
ment, paid off the two mortgages in 1897, and in 1899
executed and delivered to one Elliott a warranty deed
of the real estate, and by several mesne conveyances
the defendant William H. Bowerman now asserts that
he is possessed of the entire fee of the real estate,
claiming title thereto through said executors' deed and
said agreement, asserting that under the last will and
testament of Sarah Fraser, deceased, the title to the
real estate vested in the executors of her will as trus-

Supreme Court, July, 1918. [Vol. 104.

tees of an express trust, and that the conveyance by such trustees was a valid exercise of the power of sale specified in the will. The plaintiff brings this action for a sale in partition of the real estate, alleging that under the will the title to the same vested in the children of the testatrix, subject to being defeated by the exercise of the power of sale contained in the will, that the attempted exercise of the power of sale in January, 1895, two years before the death of the husband, John Fraser, was void as to Isaac D. Fraser, who did not join in the instrument of ratification, and that on the death of Isaac D. Fraser one-seventh of the real estate descended to the plaintiff and his sister, Olive L. McDowell, subject to the dower interest of Maria L. Fraser, the widow of Isaac D. Fraser, deceased.

To entitle plaintiff to maintain partition he must be the owner of an interest in the real estate; he must have title to a part thereof. It does seem that under the will the executors were vested with rights, power and authority which created them trustees of an express trust under the Real Property Law as defined by section 96 thereof. The will provides for a sale of the real estate within five years after the death of the husband, John Fraser, the sale to be made by the executors for the benefit of the children of the testatrix; the executors are empowered to rent the real estate, collect the rents and pay therefrom to the husband sufficient moneys to provide him comfortable support and maintenance; a sale of the real estate is imperative.

Within all the authorities to which attention has been called such provisions create and constitute an express trust, and by the terms of section 100 of the Real Property Law the legal estate vested in the executors. They are trustees of an express trust. The

real estate is deemed to have been converted into personalty for the purpose of dividing its value among the legatees. The bequests to them are personalty, not real estate. *Meakings* v. *Cromwell,* 5 N. Y. 136; *Morse* v. *Morse,* 85 id. 53; *Russell* v. *Hilton,* 175 id. 525; *McNaughton* v. *McNaughton,* 34 id. 201; *Delafield* v. *Barlow,* 107 id. 535; *Salisbury* v. *Slade,* 160 id. 278; *Williams* v. *Williams,* 152 App. Div. 323.

Within the foregoing authorities it is seen that the executors took title to the real estate as trustees of an express trust. The trust was to collect the rents and pay to John Fraser such a portion thereof as would be sufficient to support him during his lifetime, and then to sell the real estate and from the proceeds pay the debts of the testatrix and those debts incurred by the illness, etc., of John Fraser, pay $2,000 to one child and divide the balance equally among the seven children of the testatrix. Such being the terms of the trust created, it would appear that a sale of the real estate during the lifetime of John Fraser would be in contravention thereof. While it is true that the joining in a conveyance of all beneficiaries with the holder of a power in trust has often been held to pass a good title before the arrival of the time fixed for a conveyance, yet all authorities agree that such a conveyance, to be valid, must not be in contravention of the trust. *Kilpatrick* v. *Barrow,* 125 N. Y. 751; *Garvey* v. *McDevitt,* 72 id. 562.

The trust was to collect rents and to support John Fraser during his lifetime. The testatrix made that definite and certain. The trustees alone could not convey a good title before the death of John Fraser; John Fraser could not destroy the trust. He was not a life tenant. The conveyance in January, 1895, was a destruction of the trust created by testatrix, in contravention thereof, and was void. The trustees have not

as yet made a sale of the real estate, within the terms of the trust. They have failed and omitted for more than twenty years to exercise the power of sale or to perform the duties of this trust, and to provide moneys to be paid to the heirs of Isaac D. Fraser. Plaintiff contends that such failure to execute the trust has resulted in a termination of the trust, and that the legal title to one-seventh of the real estate has been lost to the executor-trustees and has been reinvested in the heirs of Isaac D. Fraser. Such contention does not seem to be based on any authority.

In those cases where the power of sale was to be exercised in the discretion of the trustee-executors it has been held that title did not vest in the trustee, and that failure to exercise the power might well be asserted to constitute an abandonment and termination of the power. *Scholle* v. *Scholle,* 113 N. Y. 261; *Matter of Tatum,* 169 id. 514; *Matter of Wanger,* 74 Hun, 352.

In those cases where the execution of the power of sale is not necessary to the carrying out of the scheme of the will, and there is no trust, the power will terminate and title revest in the beneficiaries, even though a sale be imperative, where all beneficiaries join in electing to take the land rather than the proceeds of a sale under the power. *Trask* v. *Sturges,* 170 N. Y. 482; *Prentice* v. *Janssen,* 79 id. 478; *Greenland* v. *Waddell,* 116 id. 234.

In *McDonald* v. *O'Hara,* 144 N. Y. 566, five of seven beneficiaries elected to take the land rather than the proceeds of a sale under a power, and it was held that, the two beneficiaries not joining in the election, an injunction would not be continued to restrain a sale under the power.

In the case at bar the sale was imperative in order to provide funds with which to pay the legacy to one

child, and to divide the residue of the estate among all the children. Such sale being necessary under the terms of the will, it is not seen how the plaintiff could acquire title to the land by the delay in the execution of the power of sale. It was held in *Mott* v. *Ackerman,* 92 N. Y. 539, that the conveyance under a power of sale twelve years after the time limit fixed by the terms of the trust was a valid execution of the power. In that case the language was, " within three years from the proof of this will, I authorize, empower and direct them to convert into money all my real estate." The Court of Appeals said: " The meaning is, I ' authorize ' you to sell, and I ' direct ' you to do so within three years after probate. It was an injunction to promptness in the exercise of the authority. Neglect to obey the command did not destroy the authority conferred."

In *Waldron* v. *Schlang,* 47 Hun, 252, the will authorized and empowered the executors at any time within five years after the death of testatrix to sell, dispose of and convert into money all real estate, and to divide the proceeds into ten shares and distribute, etc. Nine years after the death of testatrix this power was executed by a conveyance, which was held to be a valid execution of the power.

The holding, therefore, must be that the trust as to Isaac D. Fraser and his heirs has not been terminated by inactivity or by the lapse of time. The trust not having been terminated, the trustees still have title, and the plaintiff, therefore, has not such a title to the real estate as will permit him to maintain partition, and his complaint must be dismissed, with costs.

Judgment accordingly.