In the Matter of the Petition of Dora S. McClelland to Render and Settle Her Account as Administratrix, etc., of Lefferts A. McClelland, Deceased.

Surrogate's Court, Kings County, March 28, 1929.

*Frank G. Wild*, for the petitioner.

*Samuel H. Wandell*, special guardian.

WINGATE, S. In this accounting the administratrix, the widow of an intestate who died seized of certain New York real estate, applies for an exemption allowance of $150 pursuant to section 200, subdivision 4, of the Surrogate's Court Act, and for a further allowance of $150 for her reasonable sustenance for forty days after the death of the deceased, pursuant to section 204 of the Real Property Law. Her right to the former cannot be open to question on the facts presented and the wording of the statute, and, indeed, in this department, the right to such allowance would have been indisputable even under the less liberal enactment contained in section 2713 of the Code of Civil Procedure,* from which the present enactment was derived. (*Matter of Williams*, 31 App. Div. 617; *Matter of Hembury*, 37 Misc. 454; *Matter of Berns*, 52 id. 426; *Matter of Hulse*, 41 id. 307.)

The widow's right to forty days' sustenance under section 204 of the Real Property Law seems no less clear on the facts of the instant case, since she receives no interest in decedent's real estate aside from her dower rights, thus avoiding the exceptions to her right of quarantine noted in such decisions as *Peck* v. *Sherwood* (56 N. Y. 615) and *Matter of Meuschke* (61 Misc. 9). These two enactments, respecting the widow's exemptions and her quarantine rights, have existed side by side for upwards of twenty years, and whereas in certain cases they may give parallel and overlapping rights, it is not within the province of the court to decide that either is rendered nugatory by reason of the presence of the other. (*Matter of Stiles*, 64 Misc. 658; *Matter of Mehn's Estate*, 124 N. Y. Supp. 173; *Matter of Brown*, 77 Misc. 507.)

Since the statute is silent on the subject of the sum to be allowed the widow for quarantine, such amount must rest in sound judicial discretion, which will be influenced by such considerations as the station in life of the parties, the size of the estate, etc. In the present instance, the amount sought equals three dollars and seventy-five cents a day, to which sum no objection is made. As such sum does not seem inordinately high for an individual in the financial station of the parties, it will be allowed.

---

* Revised and renumbered § 2670 by Laws of 1914, chap. 443.— [REP.