In the Matter of the Judicial Settlement of the Account of ADELINE K. SCHNEIDER, as Executrix, etc., of MARY A. KING, Deceased. ADELINE K. SCHNEIDER, as Executrix, etc., of MARY A. KING, Deceased, Appellant; FRANK J. KING, Respondent.

Third Department, June 27, 1930.

*Glenn F. Carter* [*David W. Kahn* of counsel], for the appellant.

*Hubert L. Brown*, for the respondent.

HASBROUCK, J. Mary A. King, resident of Norwich, Chenango county, died August 24, 1927. Her heirs were a daughter, Adeline K. Schneider of 233 Broadway, New York, and sons, Frank J. King of Norwich and Charles H. King of Chicago, Ill.

Mary disposed of some of her property by will, *i. e.*, her real estate at Norwich, devising it to her three children, share and share alike. She appointed Adeline executrix of her will.

Prior to her death she owned several shares of stock. Three shares of Delaware and Hudson; six shares of United States Steel; sixteen shares of Associated Gas and Electric. She had besides $441.68 in the bank.

Frank J. King and his wife each filed claims against the estate and Adeline submitted a claim. Adeline administered upon her mother's estate and filed her final account in the Surrogate's Court and petitioned for its settlement. Objections to such account were filed by her brother Frank J. King stating she had failed to charge herself as executrix with the above-named shares of stock and amount of cash. The surrogate's decree surcharges her in accordance with the objections and directs the executrix to pay H. L. Brown, attorney for the objector, $125.40, costs and disbursements. Further he disallowed the claims of Mr. and Mrs. King and allowed only such part of Adeline's claim as consisted of a promissory note of the testate's in the sum of $150.

The appeal from the decree is that of Adeline. No appeals were taken involving disallowance of claims. The question presented on appeal is whether the transfer of the stocks and cash to Adeline by the testatrix in her lifetime were gifts *inter vivos*. Since the executrix in administering the estate and in the payment of debts is required first to pay debts and expenses out of the personal property and Adeline is the legatee of all the personal property, the importance of the above question is apparent. Such question in other words is, shall Adeline pay the expenses and debts or shall it be borne in part by the real estate?

I think it is reasonably clear that the transfer of the Delaware and Hudson and United States Steel stocks to the appellant Schneider were valid gifts *inter vivos*. There was the unconditional delivery of them, the clear intention and their retention for a year prior to the death of the deceased. (*Ridden* v. *Thrall*, 125 N. Y. 572; *Matter of Hendricks*, 163 App. Div. 413.)

The fact that the testatrix was suffered to receive the dividends paid on such stocks did not invalidate the gift. (*Matter of Hunter*, 170 App. Div. 934; *Judson* v. *Hatch*, 171 id. 246; *Orton* v. *Tannenbaum*, 194 id. 214.)

The transfer of the Associated Gas and Electric stock seems to me to stand upon a different footing. The transfer of the Delaware and Hudson and United States Steel were to pay the appellant for sums laid out; the transfer of the Associated Gas and Electric stock and the cash were to permit her to pay the expenses incident to the sickness of the testatrix and the appellant undertook an agency in respect thereto. It is apparent from her account that she did not

pay doctors' or nurses' bills incident to her mother's sickness and death out of her mother's money in hand. Neither the Associated Gas stock nor the money belonged to her by virtue of the transfer *inter vivos*. They belonged to her mother and the stock unconverted into cash and the moneys belonged to the mother's estate at her death.

While Mrs. Schneider was lawfully in possession of them she did not own them. (*People* v. *Miller*, 169 N. Y. 339.)

Since we have no testimony fixing the item or items paid out by Adeline prior to her mother's death, there remains nothing to do but to surcharge her account with the two items, viz., the agreed value of the Associated Gas and Electric.

| | | |
|---|---:|---:|
| Stock........................................ | $832 | 00 |
| Cash......................................... | 441 | 68 |

The account should be restated as follows:

| | | |
|---|---:|---:|
| Received from property and sales................... | $218 | 56 |
| Cash........................................ | 441 | 68 |
| Associated Gas & Electric stock.................... | 832 | 00 |
| From sale of real estate........................... | 3,000 | 00 |
| | $4,492 | 24 |

| | | | | |
|---|---:|---:|---:|---:|
| Disbursed: | | | | |
| Schedule C.......................... | $1,105 | 54 | | |
| Schedule D.......................... | 197 | 23 | | |
| To be disbursed: | | | | |
| H. L. Brown, costs..................... | 125 | 40 | | |
| Minnie Seeley, costs................... | 28 | 00 | | |
| Frank J. King, costs................... | 1,000 | 00 | | |
| Charles F. King, costs................. | 1,000 | 00 | | |
| | | | 3,456 | 17 |
| | | | $1,036 | 07 |

The decree should be modified accordingly, without costs.

VAN KIRK, P. J., HINMAN, WHITMYER and HILL, JJ., concur.

Decree modified as stated in opinion, and as so modified affirmed, without costs.