In the Matter of the Estate of ALFRED CHRISTENSEN, Deceased.

Surrogate's Court, Kings County, May 29, 1931.

*Edward N. Perkins*, for the accounting trustee.

*Bartholomew B. Coyne*, for George Bech, as Consul General of the Kingdom of Denmark at New York, who appeared in behalf of the Estate of Marie Christensen, late of Kolding, Denmark.

WINGATE, S. Two excerpts from the will of this testator are here presented for construction. The first reads: " The eleventh of said trusts is to comprise five of said equal parts and its beneficiary is Mrs. Marie Christensen of Vestergade 7, Kolding, Denmark, to whom I direct my trustees to pay over the net income of said trust up to but not exceeding five hundred dollars yearly, payable in equal quarter-yearly instalments on the first days of January, April, July and October in each and every year. * * *
" It is my will that in no case shall anything be payable, after the death of any individual beneficiary of any of the separate trusts hereinbefore constituted, to the executors or administrators,

or otherwise to the estate, of such deceased beneficiary, except only the amount (if still unpaid) due on the last payment-date above specified prior to such death."

The excess annual income is directed to be paid each year to Benevolent Society Denmark, which is also the residuary beneficiary of the trusts.

Marie Christensen died on October 28, 1930, and the question is presented as to whether her estate is entitled to the accrual of income between October 1, 1930, and that date. Were it not for the second portion of the quoted item, it is obvious, as a result of the provisions of section 204 of the Surrogate's Court Act, that such income would be apportioned. This enactment, however, provides that " This section shall not apply to any case in which it shall be expressly stipulated that no apportionment be made." As noted in *Matter of Juilliard* (238 N. Y. 499, 509), section 204 and its forerunners effected a change of the common law, which was to the effect that " there was * * * no apportionment, between persons having successive estates or interest in property under a will or deed of trust, of any rents payable after the termination of the first estate. Rents were an incident of the estate in existence at the time they were payable."

It must be apparent from the direction in the will at bar that the testator, as authorized by statute, has elected to have the common-law rule apply to the devolution of this portion of his property (*Kearney* v. *Cruikshank*, 117 N. Y. 95), and this desire will be given effect. (*Matter of Juilliard, supra*, 510.)

It follows that the estate of Marie Christensen is entitled to nothing " Except only the amount [if still unpaid] due on " October 1, 1930.

Proceed accordingly.