GEORGE C. DIEHL, C. E., INC., Respondent, *v.* WILLIAM F. SHEEHAN, Appellant.

Fourth Department, June 30, 1931.

*Joseph T. Wilson,* for the appellant.

*Edward N. Mills,* for the respondent.

PER CURIAM. In the years 1925–1929, inclusive, George C. Diehl, president of the plaintiff corporation, was engineer for the town of Amherst, Erie county, N. Y. The plaintiff was incorporated March 1, 1925. During the years 1923–1929, inclusive, defendant was an employee of George C. Diehl and the plaintiff corporation at a salary. With the consent and co-operation of George C. Diehl defendant in 1925 accepted an appointment as village engineer of the village of Williamsville, which is within the town of Amherst. Under the arrangement between plaintiff and defendant it was agreed that defendant was to turn over to plaintiff all moneys received by him for outside work, which included his services as village engineer of Williamsville. As to this arrangement Mr. Diehl testified (italics ours): " He [defendant] had charge of the work in the Town of Amherst, and also had charge of the work in the Village of Williamsville, and to look after any other work to which he might be delegated. The work which he did in the Village of Williamsville was under his own name as village engineer of Williamsville. I was not the engineer for the Village of Williamsville, nor the corporation. Mr. Sheehan was. He was doing all

the work, as I understand it, *on my account, or on account of the corporation.* I recall having a conversation with him [defendant], asking him to try to get appointed as village engineer of Williamsville. Certainly I was very anxious that he should [be appointed]. I never said that he might look for extra compensation if he brought in business from outside. I didn't consider myself legally obligated at any time to pay anything over and above the amount of the stated salary. Whenever Mr. Sheehan made a bill to the corporation, or to the municipal corporation, that is, to the village, he would make a bill on the village voucher, then he would make a copy of that same bill on the George Diehl Corporation billhead, and hand that bill to our chief clerk; one bill would go to the village, under Mr. Sheehan's name, and the other would go under our corporation billhead to our chief clerk, and this would be entered up in our books, so that we would have a record of it."

Defendant turned over such moneys to plaintiff up to the year 1929, but declined to deliver his receipts for that year. Plaintiff has brought suit and recovered judgment against defendant for the 1929 receipts. Defendant contended in the trial court and contends here that the agreement under which he was to deliver to plaintiff his pay as village engineer was void and unenforcible because against public policy.

It is the law of this State, as illustrated in the case of *Bliss* v. *Lawrence* (58 N. Y. 442), that a " public officer " may not assign in advance his salary or other pay to be earned and to become due; the reason for this rule being that such an assignment tends to prevent the office holder from having the interest in his work which he otherwise would have, to the public detriment. Under this record defendant was concededly a " public officer."

It is held in *Thurston* v. *Fairman* (9 Hun, 584) that it is not against public policy for a public official to agree for a consideration to pay over to another his salary after it has been later earned. We consider that decision to be inapplicable to the instant set of facts. Defendant was not in the position — for example — of a public official who — purchasing an automobile — agreed to pay for it from his salary in monthly or annual stated sums after they should be earned and received. In that case full and specific consideration for such an agreement would exist, to wit, the property received, the automobile; and in case of non-payment, a judgment could be recovered against the debtor and enforced by execution out of any property owned by the debtor. No incentive to shirk would affect the official. Rather would an incentive exist to deserve his pay. No public interest would be involved. Here defendant received no specific consideration for his agreement to

turn over to plaintiff his earnings as village engineer. That work was an incident of his regular work. His annual salary was payable anyway, and would not be increased or affected whatever he earned extra. He could become a village engineer or not, as he pleased. In short this arrangement made and apparently, in substance, a part of the general policy of plaintiff and its president, was that this plaintiff or its president, under the names of its employees, should — to every intent and purpose — hold public office and receive the emoluments thereof, whether or not with the consent or within the knowledge of the municipality or other political division involved.

The doctrine of *Bliss* v. *Lawrence* (*supra*) is in aid of the public interest only. Whether or not that doctrine should in good conscience apply to contracts between individuals we are not now called upon to say. But, speaking in the public interest only, we disapprove of this contract. Defendant — even though he has received the harvest from an ill-conceived sowing — even though he may be said to be *in delicto* (if not " *pari delicto* ") — should not be held estopped from asserting his defense. Otherwise such contracting parties might readily bring it about that an individual other than the apparent incumbent — even a corporation — could in effect hold public office and receive the appurtenant salary without the knowledge of the public employer and to the serious detriment of good public service.

The judgment appealed from should be reversed upon the law, with costs, and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.