In the Matter of the Estate of Elijah D. Taft, Deceased.

Surrogate's Court, Kings County, April 11, 1932.

*Sidney S. Hodes,* for Rose Watkins Dunbar.

*William H. Good,* for Edgar W. A. Jorgensen.

*Abner C. Surpless,* special guardian.

*Monahan, McAuliffe & Carney,* for Mary Donnelly.

WINGATE, S.  Elijah D. Taft died on March 1, 1915, leaving a will and two codicils which were duly admitted to probate in this court on the twenty-eighth of the same month.

The composite effect of his testamentary dispositions, so far as here material, was a division of his residuary estate into six equal parts, one of which was given to each of his six children, Daniel H. Taft, Mary Eliza Jorgensen, Deborah Ann Yates, William C. Taft, Andrew E. Taft and Rosella Kirk, the share for the last named being erected into a trust with income payable to the beneficiary for life, and " upon her decease, leaving issue, to pay and divide the principal among such issue, share and share alike."  The gifts to the other five children were outright.

The testator's son William C. Taft predeceased him, leaving six children, Mary E. T. Coble, William C. Taft, 2d, Florence C. Felton Banta, Henry S. Taft, Virginia Campbell and Emmeline Shomaker.  Daniel H. Taft predeceased the testator, leaving one son, George W. Taft, and the issue of a deceased daughter, Richard Hildebrandt.

The other four children were living at the testator's death, but all except Andrew E. Taft have since died, the last decedent being Rosella, who died on June 20, 1931, leaving a daughter, Rose Watkins Dunbar, and two grandchildren, Irwin Brockhagen and Rose Brockhagen, the children of a daughter, who survived the testator but predeceased Rosella.

In 1918 the present executor filed an account in this court to which certain objections were interposed and heard, but the matter never proceeded to a decree.

The present account was the result of a compulsory petition, with which a subsequent voluntary proceeding was consolidated, the account being filed on May 14, 1931. This 1931 accounting brings the figures submitted in the 1918 proceeding down to date and is to be treated as supplementary thereto, in view of the abortiveness of the 1918 proceeding.

Over date of March 23, 1915, George Walter Taft made an assignment, to the extent of $500, of his interest in this estate, to Francis H. Nichols, who is now dead, his successor administrator being a party to the present accounting. This assignment is regular in form and was duly recorded in this office on April 13, 1915.

A considerable number of objections have been interposed. One of the most important relates to the question of whether the gift to Rosella's issue upon her death is to be considered as distributable *per capita* or *per stirpes*. A second is directed to the fact that the trust for Rosella was never set up and no payments of income therefrom have ever been made to any one.

Consolidating the figures in the two accounts, the executor acknowledges receipt of money and property aggregating $9,961.17, and claims credits for necessary expenses amounting to $5,099.62. So far as discernible from the accounts, the principal items of assets belonging to the deceased aggregated $7,992.82, the balance of $1,968.35 being attributable to income and interest received by the executor subsequent to testator's death. The only objection to the figures in the accounts, aside from the question of the right of Rosella and those representing her income on her trust legacy, is in connection with the loss of a portion of a deposit in the Eagle Savings and Loan Association. In the 1918 account this loss was stated as being $279.52, but in the 1931 proceeding a debit for additional receipts by the executor on this account is shown in the sum of $193.38, thus reducing the net loss to $86.14. No testimony has been introduced to demonstrate that this loss was in any way attributable to the act or neglect of the executor, and since the burden of proof in this regard rested upon the objector (*Matter of Baker*, 42 App. Div. 370, 372; *Matter of Mullon*, 145 N. Y. 98, 104; *Matter of Stevenson*, 86 Hun, 325, 327; *Matter of Hunter*, 170 App. Div. 934; *Marre* v. *Ginochio*, 2 Bradf. 165, 167; *Matter of Palmer*, 3 Dem. 129, 131; *Matter of Wagner*, 40 Misc. 490, 491; *Matter of Fisher*, 124 id. 836, 839; *Matter of Murtha*, 130 id. 330; *Matter of Schlossman*, 136 id. 893, 897; *Matter of Richman*, 142 id. 103, 109; *Matter of Winburn*, 140 id. 18, 23), the objection must be overruled. A further objection is made that the present account begins only with January 18, 1918, instead of March 28, 1915, the date of letters, but since, as noted, this account is merely a

supplemental account to the one filed in the 1918 proceeding, which covered all transactions from May 28, 1915, there is no merit in this objection.

Complaint is also made against a credit claimed in the present account for $137.62, commissions to the executor on the former accounting. Since such account was never judicially settled by reason of the failure to enter a decree thereon, and no allowance of commissions was made by the surrogate at that time, this item is obviously an improper deduction and must be eliminated. (*Matter of Worthington*, 141 N. Y. 9, 11; *Beard* v. *Beard*, 140 id. 260, 265; *Wheelwright* v. *Rhoades*, 28 Hun, 57, 60.)

No evidence has been introduced impeaching the validity of the assignment by George Walter Taft of a $500 interest in his distributive share in the estate to Francis H. Nichols. Since the burden of proof in this regard lay upon those alleging its invalidity (*Matter of Leverich*, 135 Misc. 774, 790; affd., on the opinion of this court, 234 App. Div. 625; leave to appeal to Court of Appeals denied, Id. 696), it must be determined that the assignment was and is valid, as a *pro tanto* transfer of his interest to the assignee.

It has also been asserted that Deborah Ann Yates, prior to her death, made a verbal assignment to Rosella of her interest in the estate. No proof of any such assignment has been offered and it must, therefore, be held that such interest was still vested in Deborah when she died.

This leaves as the only contested questions the rights of Rosella and her representatives to income on her trust interest in the estate and whether the gift to issue of the remainder of this trust requires a division *per stirpes* or *per capita.*

Since the testator died prior to 1921, in which year section 47-a of the Decedent Estate Law took effect, the rule of *Soper* v. *Brown* (136 N. Y. 244) applies, and creates a presumption that the gift to issue requires a distribution *per capita* among all of the descendants of Rosella and not a division *per stirpes.* It is entirely true that it was held in *Matter of Farmers' Loan & Trust Co.* (213 N. Y. 168, 173) that this presumption yields to " a very faint glimpse of a different intention," but in the opinion of the court there is absolutely nothing in the phraseology of the present will to give such faint glimpse.

This entire subject was recently reviewed by this court in its opinion in *Matter of Mann* (138 Misc. 42, 47 *et seq.*), wherein the pertinent authorities were considered at some length. For the reasons therein stated, the court determines that in the case at bar the rule of *Soper* v. *Brown* must be applied and the remainder

of Rosella's trust be paid in equal shares to Rose Watkins Dunbar, Irwin Brockhagen and Rose Brockhagen.

The objection of the executor of Rosella to the failure of the executor of this estate to set up the trust for Rosella and to pay the income thereon must be sustained. In the absence of adverse controlling language in the will, the beneficiary of a trust is entitled to income on her principal fund from the date of death of the testator. (*Matter of Wolfman*, 137 Misc. 325, 327, 328, and cases cited; *Matter of Meyer*, 140 id. 1, 7.) The principal fund is not payable to the trustee until the time when general legacies are due, namely, at the end of the executorial year, and until the termination of this period the only sum to which the trust beneficiary is entitled, as income, is that proportion of the earnings of the estate which the trust principal dedicated to her bears to the total distributable estate. At the termination of the executorial year, however, it is the obligation of the executor to pay the principal fund over to the trustee and his failure to do so will make him liable for interest thereon at the legal rate. (*Matter of Harned*, 140 Misc. 151, 153; affd., 234 App. Div. 796.) It follows, therefore, that it will be necessary to determine the rate of income of the estate during the executorial period and from this to compute the portion of the earned income to which Rosella was entitled. This sum is due her estate, with interest thereon at the legal rate from May 28, 1916. It will also be necessary to compute the sum which should have been paid over to the trustee for Rosella on May 28, 1916, and interest on this sum also will be payable to her estate to the date of her death, namely, June 20, 1931. (See Surr. Ct. Act, § 204; *Matter of Christensen*, 140 Misc. 291, 292.)

Rose Watkins Dunbar, Irwin Brockhagen and Rose Brockhagen were each entitled to one-third of the principal of this trust on June 20, 1931. It, therefore, follows that they are entitled to receive interest in equal shares at the legal rate from that date to the date of the settlement of this decree on the sums then payable to them, respectively. (*Matter of Harned*, 140 Misc. 151, 153, 154; affd., 234 App. Div. 796.)

Schedule G of the present account states that William H. Good rendered services in the former abortive accounting for which he has never been paid and that he should receive the sum of $250 therefor. No facts have been presented to the court to justify such an allowance and it cannot, therefore, be granted at this time. This question must be made the subject-matter of a separate application, and, when determined, provision may be made therefor in the decree to be entered hereon.

The manner of distribution of the estate will, therefore, be as

follows: One-sixth is to be paid to Andrew E. Taft; one-sixth to E. W. A. Jorgensen, as executor for Mary E. Jorgensen; one-sixth to Mary Donnelly, as executrix c. t. a. of Deborah Ann Yates; the one-sixth share of William C. Taft is to be equally divided between Mary E. T. Coble, William C. Taft, 2d, Florence G. F. Banta, Henry S. Taft, Virginia Campbell and Emmeline L. B. Shomaker, The one-sixth share of Daniel H. Taft is to be divided into two parts; from the first part $500 is to be paid to Abner C. Surpless, as successor administrator of Francis H. Nichols, any surplus being paid to George W. Taft, 2d, as administrator of George Walter Taft. The second of such two parts is to be paid to the executor or administrator of Mary Taft Hildebrandt. The principal of the trust in one-sixth of the estate erected for Rosella K. Watkins is to be distributed, one-third to Rose Watkins Dunbar, one-third to Irwin Brockhagen and one-third to Rose Brockhagen. As noted, Rose Watkins Dunbar, as executrix of Rosella, is to receive that portion of the income of the estate during the executorial year to which her testatrix was entitled, plus six per cent interest thereon from May 28, 1916. In so far as may be necessary for the purpose, the account of the executor will be surcharged for the purpose of paying this interest. Rose Watkins Dunbar, as executrix, is also entitled to receive interest at the rate of six per cent on the principal of this trust, from May 28, 1916, until June 20, 1931. In so far as income received by the executor and applicable to this purpose is inadequate for the purpose of making this payment, the executor is surcharged therewith. Rose Watkins Dunbar, Irwin Brockhagen and Rose Brockhagen are each entitled to interest at six per cent on their distributable remainders of this trust from June 20, 1931, to date of entry of this decree, and in so far as the income of the estate applicable thereto is inadequate to pay this sum the executor is surcharged therewith.

No objection is made by any party to the allowance to the executor of commissions on this accounting; therefore, whereas the deduction for commissions inserted in his account is disallowed, as hereinbefore stated, he may be allowed commissions at the statutory rate for the funds of the estate for which he accounts, to be offset against his surcharge.

Proceed accordingly.