In the Matter of the Estate of James S. McKeogh, Deceased.

Surrogate's Court, Kings County, April 27, 1934.

*Connolly & Frey*, for the Chase National Bank, as successor executor and trustee.

*Hughes, Schurman & Dwight*, for the remaindermen.

*Edward J. S. Farrell*, for Karthleen Minogne, residuary legatee.

*Sanford C. Nussenfeld*, for Anne Gough, beneficiary of $10,000 trust fund.

WINGATE, S.   As no evidence respecting the conditions surrounding the testator, his possessions and the objects of his bounty has been adduced, the court is compelled to answer the propounded questions of testamentary interpretation on the will alone, since the allegations of facts in the briefs of the several parties are not competent proof thereof. (*Matter of Mehler,* 143 Misc. 63, 64; *Matter of Morningstar,* Id. 620, 624.)   It may be stated, however, that were the facts respecting the services of the residuary legatee to the testator in his last illness duly demonstrated, it would not alter the results attained.

In the opinion of the court, the general structure and content of the will, particularly the desire evinced by the " eighth " item that the general legatees should be paid in full without deduction for estate taxes, is conclusive of an intention to charge the general legacies upon the residuary realty.   (*Matter of Lilienthal,* 139 Misc. 225, 236; *Matter of McEvoy,* Id. 349, 351.)

In view of this determination, the materiality of a decision as to whether or not an equitable conversion was effected by the terms of the will, is not readily apparent.   While it is arguable that the vesting of the title in the executors may be such an indication of an intention to convert as to color the subsequent purely discretionary language, it cannot be said that it is apparent from the general terms of the will when viewed as of the time of execution (*Matter of Smallman,* 138 Misc. 889, 896; *Matter of Tuozzolo,* 141 id. 251, 253; *Matter of Mann,* 145 id. 360, 361; *Matter of Hoffman,* 146 id. 535, 537) that testator's purposes would be defeated if an equitable conversion did not occur.   Since this is the familiar test (*Matter of Gargiulo,* 138 Misc. 90, 98, and cases there cited), it is the opinion of the court that no equitable conversion was effected.

The trust, the erection of which was directed by the " fourth " item of the will, provided merely that the " income " from the specified fund should be paid to the named beneficiary.   It was obviously testator's hope that such income might amount to $600 a year, but this would depend wholly upon the acts of the testamentary fiduciary which, in this regard, were entirely beyond testator's power of control, since by the terms of section 111 of the Decedent Estate Law, the Legislature has specified the varieties of investment in which a trustee may place the funds in his charge, subject to his primary obligations of diligence and prudence. (*Matter of Flint,* 240 App. Div. 217, 225; *Matter of Cady,* 211 id. 373, 375; *Matter of Blake,* 146 Misc. 780, 782–784; *Matter of Froelich,* 150 id. 371, 374.)   The item is wholly silent as to any power for invasion of the principal, wherefore none can be held to exist.

It was testator's expressed wish, however, that the income payments to this beneficiary should begin thirty days after the probate of the will. She would accordingly be entitled from such time to receive, at least, that proportion of the total income of the estate which the principal of her trust bore to the total principal funds of the estate. (*Matter of Taft*, 143 Misc. 387, 391.) *Matter of Mehler* (Id. 63) is not in point, since the gift under the will there construed was an annuity. If the fiduciary has been derelict in setting up and investing the trust fund, the *cestui que trust* may hold him liable for such damage as may have resulted. This, however, must be done by objection to his accounts and cannot be effected in the present construction proceeding.

Until the time for distribution arrives, it is obviously the duty of the executor to collect all income derivable from the assets of the estate, and this applies as well to realty as to personalty. (*Matter of Kruger*, 139 Misc. 907, 908; *Matter of Taft*, 145 id. 435, 441.) In the event of his failure to do so, he may be held liable for his dereliction.

Proceed accordingly.