In the Matter of the Estate of GEORGE PAVELKA, Deceased.

Surrogate's Court, Kings County, January 4, 1935.

*Blecheisen, Whelan & Rothstein,* for the executor, Walter Gaydos.

*Otto A. Samuels,* for the respondent, Elizabeth Pavelka, widow.

WINGATE, S. Counsel for the widow confuses the two lines of cases respecting equitable conversion. The first comprises those in which there is an absolute, unequivocal, valid direction to sell. Under such circumstances an equitable conversion is invariably effected. (*Matter of Taft,* 144 Misc. 896, 899; *Matter of Goldman,* 142 id. 790, 792; *Matter of Harris,* 138 id. 287, 288; *Matter of Gargiulo,* Id. 90, 98.) The second class of cases includes those in which either no express power of sale is given or where such power is merely discretionary. Here equitable conversion will result only if testator's purposes would be defeated if an equitable conversion did not occur. (*Matter of McKeogh,* 151 Misc. 327, 328; *Matter of Surpless,* 143 id. 48, 52; *Matter of Grefe,* 140 id. 134, 136.)

In the will at bar the following appears: " I direct my said executor to sell and convert into cash all my property as soon as practicable after decease," wherefore the former rule is applicable.

It follows that no right or title to the realty vested in the beneficiaries under the will (*Williams* v. *Williams,* 152 App. Div.

323, 325; *Fraser* v. *Bowerman*, 104 Misc. 260, 265; *Matter of Trombly*, 138 id. 220, 222), but passed to the executor in trust (*Fraser* v. *Bowerman, supra*), with the result that none of the named beneficiaries possessed any greater rights therein than any absolute stranger. The position of the widow that she is a tenant in common of the property is, therefore, wholly untenable. She is liable to the executor for use and occupation of the premises which she, herself, has occupied, and is accountable to him for all rents collected.

Enter decree on notice.