In the Matter of the Estate of FREDERICK M. JACOBS, Deceased.

Surrogate's Court, Kings County, February 1, 1935.

*Morgan & Lockwood*, for the City Bank Farmers Trust Company.

*Oliver D. Williams*, for Algernon M. Jacobs.

*Frederick A. Keck*, special guardian for Eloise Alexander and others.

WINGATE, S. Whereas the present will purports to make specific bequests to his wife of the testator's " jewelry, wearing apparel, personal effects, furniture and household furnishings," the testamentary directions are operative only in respect to the jewelry, since this, of the classes of property mentioned, alone does not pass to the widow by virtue of the provisions of section 200 of the Surrogate's Court Act. (*Matter of McNamara*, 138 Misc. 526, 534; *Matter of Trimboli*, 141 id. 895, 896.) The household furniture and furnishings and the wearing apparel of the deceased, possessing an aggregate value of $853, are hers by reason of the enactment contained in subdivision 1 (*Matter of McNamara*, 138 Misc. 526, 533, and authorities there cited), and the automobile, valued at $50, is hers under subdivision 3 (*Matter of Curley*, 151 Misc. 664, 672). Since the funeral expenses have been paid, she is also entitled to a cash payment of $300 under subdivision 4. (*Matter of McClelland*, 134 Misc. 166, 167; *Matter of Benjamin*, 150 id. 857, 859.)

The remaining gifts under the will consist of a general legacy of $5,000 in trust for the maintenance and education of a grandchild and the erection of a trust from the residue. Obviously the former is entitled to preference in payment over the latter, since a residuary gift is ordinarily payable only when all previous benefits have been paid. (*Matter of Smallman*, 138 Misc. 889, 910; *Matter of Gavey*, 147 id. 332, 335.)

On primary principles the *cestui* is entitled to income on the trust fund from the date of death of the testator. (*Matter of Wolfman*, 137 Misc. 325, 327; *Matter of Shevlin*, 143 id. 213, 215; affd., 242 App. Div. 636; *Matter of Stulman*, 146 Misc. 861, 877.) The principal of the trust is due and payable to the trustee at the end of the period of administration. (*Matter of Taft*, 143 Misc. 387, 391.) This is at the end of seven months from the date of letters. (Dec. Est. Law, § 146.) Whereas, therefore, the rate of income payable to the *cestui que trust* during the period of administration is to be computed only at the rate earned by the estate as a whole (*Matter of Zeyer*, 140 Misc. 1, 7; *Matter of Taft*, 144 id. 896, 899), she is, subsequent to that time, entitled to recover for the damage which she has sustained by reason of the failure to erect the trust at the time provided by statute, which, in the absence of special

circumstances, will usually be fixed at the rate of four per cent. (*Matter of Ayvazian,* 153 Misc. 467, 477.) The *cestui que trust* is, therefore, entitled to present payment of income at the rate earned by the estate from the date of death to the expiration of seven months from the date of letters and at the rate of four per cent thereafter.

The stipulation for a postponement of the determination of the liability of the estate, if any, on the contingent claim of Marsh Land Company, appears clearly to be in the interest of the estate and is approved.

The executor requests the advice of the court respecting its authority to use the liquid assets of the estate for the purpose of improving the real property comprising the remainder, before the erection of the preferred trust for the grandchild. Stated in its alternative form, this question would seem to answer itself. This is as to whether the fiduciary is justified in risking the funds upon which the *cestui que trust* has a preferred claim in order to attempt to increase the value of property beneficially dedicated to the use of persons whose benefits are deferred to hers. A negative response to such a query is obvious.

The purported assignment by the executor of his prospective commissions is wholly void on grounds of public policy. (*Matter of Worthington,* 141 N. Y. 9, 12; *Colonial Bank* v. *Sutton,* 79 Misc. 244, 245.) (See, also, *Diehl, C. E., Inc.,* v. *Sheehan,* 233 App. Div. 258, 260; affd., 258 N. Y. 624; *Woodbridge* v. *Bockes,* 59 App. Div. 503, 517; *People ex rel. Andrews* v. *Cameron,* 140 id. 76, 83; *Matter of Zimmerman,* 104 Misc. 516, 527.)

Proceed accordingly.