In the Matter of the Estate of KATE THERESA COOLEY, Deceased.

Surrogate's Court, Westchester County, March 15, 1938.

*F. Irving Hull,* for the executors.

MILLARD, S. Testatrix died on April 21, 1937, leaving a will dated January 16, 1929, which was admitted to probate on June 29, 1937. Her executors have asked for a construction of the will and in particular that portion of it which reads as follows: " *Second.* I order and direct my Executors hereinafter named to divide all the rest, residue and remainder of my estate into three equal parts, and for such purpose I authorize my Executors to sell and dispose of any real estate of which I may die seized."

The will first directs payment of debts and funeral expenses and then directs the executors to divide the residue of the estate into three equal parts and, *for such purpose,* authorized them to sell and dispose of any real estate of which she died seized. One equal third part is given to a son, George Frederick Cooley; another equal third part is given to another son, Herbert S. Cooley; two-fifths of the remaining one-third part is given to the Westchester County National Bank, of Peekskill, N. Y., as trustee, to pay over the income to a grandson, Clifford Eugene Cooley, during his lifetime, and the remaining three-fifths of an equal one-third part is given to the Westchester County National Bank, as trustee, in trust to pay over the income to a granddaughter, Laura Teresa Cooley, during her lifetime.

The will further provides that if either of said grandchildren die leaving lawful issue, the principal of said trust fund belonging to such deceased grandchild shall go to such lawful issue or, in default of issue, said trust fund shall be held in trust by said trustee for the benefit of the survivor. If both grandchildren die without leaving lawful issue, the principal sums of said trusts shall revert to the estate of the testatrix and be distributed in equal shares to her two sons or their heirs. George Frederick Cooley and Herbert S. Cooley, sons of the testatrix, were appointed as executors without bond and with full authority to sell and dispose of the whole or any part of her real estate.

The only question here is whether the testatrix intended an equitable conversion of her real property into money for the purposes of distribution. The intention of the testatrix is determined from the language of the will read in the light of extrinsic circumstances. (*Carley* v. *Harper,* 219 N. Y. 295, 301.)

There are two lines of cases respecting equitable conversion. The first comprises those in which the will contains an absolute, unequivocal and valid direction to sell. Under such circumstances an equitable conversion is invariably effected. The second class of cases includes those in which either no express power of sale is given or where such power is merely discretionary. In the latter case equitable conversion will result only if the intention of testator would be defeated if an equitable conversion did not occur. (*Matter*

742

*of Pavelka,* 154 Misc. 399, and cases cited; *Matter of Bommer,* 159 id. 423.)

When a will expressly confers power upon executors to convert real estate into money, and it is evident that the testator contemplated that it must be done for the purpose of carrying the will into effect, and it appears that in no other way can the intent of the testator be effectuated, the realty will be deemed to have been converted into personalty. *(Fraser* v. *Trustees of U. P. Church,* 124 N. Y. 479, 485, and cases cited; *Morse* v. *Morse,* 85 id. 53, 59.)

The will in the instant case is, therefore, construed as effecting an equitable conversion of all of the property of this decedent for the purposes of distribution. In no other way could the intention expressed in her will be effectuated.

Submit decree accordingly.