In the Matter of the Estate of ANTHONY H. GERHARDT, Deceased.

Surrogate's Court, Erie County, March 19, 1940.

*Wisch & May* [*Joseph May* of counsel], for the petitioner.

*Charles J. Heckop* for William J. Gerhardt, individually and as executor, etc.

VANDERMEULEN, S. A petition was presented by the Odd Fellows' Home Association of the State of New York, pursuant to section 227 of the Surrogate's Court Act, for a decree compelling William J. Gerhardt, individually and as executor of the estate of

Anthony H. Gerhardt, to perform and complete an alleged contract for the sale of real estate made by the decedent in his lifetime. The respondent interposed an answer and also moved to " quash " or vacate the citation issued by this court on or about March 29, 1939, and to dismiss the petition on the merits.

Section 227 of the Surrogate's Court Act provides, " Where a decedent dies seized of lands after he has made a contract for the conveyance thereof, his executor or administrator may make a deed reciting said contract and conveying the said lands. The executor or administrator *or the vendee,* his heirs or assigns, may file a petition praying for the confirmation of the act of the executor or administrator in delivering the deed, or for a decree that the same be made and delivered or the executor or administrator may pray for the like relief in a petition for the judicial settlement of his account. In either case, a citation shall issue to all persons interested, and the court shall make such decree as justice requires. A deed delivered pursuant to this section, upon its confirmation by such decree, shall be effectual to convey all the right, title and interest in the said lands which the decedent had at his death."

The respondent alleges that the surrogate should not take jurisdiction of this matter unless it is connected with some other proceeding in the estate which is specifically authorized by statute. The very wording of the section gives a right to settle the question here involved in an independent proceeding. Section 227 is in reality an extension of the equitable jurisdiction of the Surrogate's Court by statute and clears away any doubt that may have been occasioned by the decisions of the courts.

In the recent work, " Estates Practice Guide," by Harris, after referring to the provision of section 227 of the Surrogate's Court Act that a petition may be filed by a vendee, his heirs or assigns, the following statement is made (§ 616, p. 803): " Thus, when the executor or administrator refuses to perform a contract made by his decedent for the sale of lands, instead of being relegated to an action for specific performance the section provides a summary remedy."

This court can very well perceive that the section provides a more expeditious method of determining the rights of parties under a contract for the sale of real estate made during the lifetime of the deceased than an action for specific performance, and avoids any delay that may be occasioned by waiting for the commencement of some other proceeding.

In a probate proceeding where an objection was interposed on the ground of an agreement between the testator and the objector disposing of the decedent's estate, after discussing the modern view

toward the increased equitable jurisdiction of the Surrogate's Court, the learned surrogate in *Matter of Lamerdin* (157 Misc. 431, 433) held that the objector's right under the contract may be established and enforced either in an independent proceeding or upon an accounting.

This court has carefully studied *Matter of Campbell* (143 Misc. 389) and *Matter of Lackner* (Id. 117), and is of the opinion that neither case sustains the argument of respondent.

The motion is denied in all respects, and the attorneys for the respective parties will arrange for a hearing on the merits during the second week of April, 1940.

Submit decree.