In the Matter of the Judicial Settlement of the Account of Proceedings of Isaac S. Heller, Herbert A. Mossler and The New York Trust Company, as Executors of Pauline H. Rosenberg, as Deceased Executrix, and Ephraim Samuels, as Executor of Hugo Rosenberg, Deceased.

The New York Trust Company and Isaac S. Heller, as Executors of Pauline H. Rosenberg, as Deceased Executrix of the Estate of Hugo Rosenberg, Deceased, Appellants; Emma Schoenfeld and Others, Objectants, Respondents; Ephraim Samuels, as Surviving Executor of Hugo Rosenberg, Respondent.

Decree, so far as appealed from, affirmed, with costs to the respondents payable out of the estate. No opinion.

Present — Martin, P. J., Townley, Glennon, Cohn and Callahan, JJ.; Glennon and Cohn, JJ., dissent; dissenting opinion by Cohn, J.

Cohn, J. (dissenting). The documents received in evidence and which form the basis of objectants' case were improperly received and should have been excluded. These were private records of the decedent in his own handwriting, all found in a suitcase which had been preserved by decedent's executrix for the fourteen years after decedent's death. Such records were not admissible to establish title in decedent to the securities in question, under section 374-a of the Civil Practice Act. The writings contemplated by section 374-a are those made in the regular course of some business or profession. They have never been held to apply to merely private entries or memoranda of persons engaged in no business or calling. (*Johnson* v. *Lutz*, 253 N. Y. 124; *Matter of Roge* v. *Valentine*, 280 id. 268; *Matter of Pappalau*, 261 App. Div. 705; *Bogatin* v. *Brader*, 243 id. 856; *Hughes* v. *Eastern Contracting Company*, 164 Misc. 318.) The proof that the records were retained by decedent's executrix and that she made notations upon some of them did not in my opinion constitute an admission of the truth of these writings of decedent or an adoption of the contents of any of the writings.

Moreover, upon the whole case we do not think objectants adduced sufficient evidence to establish title in decedent to the securities. The account filed by appellants does not set forth as assets of the estate the $62,000 of coupon bonds which are the subject of this proceeding. Where, as here, objectants assert that the fiduciary should be compelled to respond for assets in addition to those included in her account, the burden is on the objectors to demonstrate that fact. (*Matter of Baker*, 42 App. Div. 370, 372; *Matter of Mullon*, 145 N. Y. 98, 105; *Matter of*

*Hunter*, 170 App. Div. 934; *Matter of Taft*, 143 Misc. 387, 389; *Matter of McCafferty*, 147 id. 179, 199, 200; 4 Butler, N. Y. Surr. Law and Prac., § 2834.) " Upon an accounting, the affirmative of establishing more assets than are acknowledged by the inventory and account is with the party objecting, and it must be established with reasonable certainty and not left to mere conjecture or suspicion. (*Marre* v. *Ginochio*, 2 Bradf. 165.) " (*Matter of Baker, supra.*) The brokerage accounts did not establish whose money paid for the bearer bonds, nor did they prove who actually became the owner of the bonds after their purchase. Admittedly, the wife had equal access to the safe deposit box where securities had been kept before the husband's death; she exercised joint control of the box with her husband. During her lifetime no question was ever raised concerning her right to the ownership of any of these securities. For forty years and up to the day he died, decedent and his executrix had lived together happily as man and wife. The source of decedent's wealth came from his affiliation with the business enterprises of his wife's family. There is a complete lack of evidence as to the financial relationship between these principals and there is no proof as to what arrangements may have existed between them. The wife's conduct throughout was entirely inconsistent with any theory of conversion or misappropriation. Her lips are now sealed in death. Considering all these factors, there is no warrant for a finding that this woman, who was regarded with such high esteem during her lifetime, had, with practically no personal benefit to herself, converted $62,000 in securities from her husband's estate.

The decree appealed from should be reversed as to objections numbered 1, 10 and 11, with costs to the appellants.

Glennon, J., concurs.