(Surrogate's Court, Rensselaer County. October, 1908.)

1. EXECUTORS AND ADMINISTRATORS (§ 214*)—ACCOUNTING.
    Testator, who had never earned large wages, devised all his real estate, worth about $5,000, and his personal property, amounting to about $2,000, to his widow. *Held*, on accounting by the executor, that funeral expenses of $381.50 and $50 for a headstone should be allowed, together with attorney's fees for $100.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 755; Dec. Dig. § 214.*]

2. EXECUTORS AND ADMINISTRATORS (§ 503*)—ACCOUNTING—ALLOWANCE OF WIDOW.
    On accounting by an executor, $120 for widow's mourning clothes should be disallowed, no voucher showing its payment by either the executor or the widow having been filed.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2153-2155; Dec. Dig. § 503.*]

3. EXECUTORS AND ADMINISTRATORS (§ 186*)—ALLOWANCE TO WIDOW.
    Where a widow accepts devise of the real estate, she has no claim under the real property law (Laws 1896, p. 587, c. 547) § 184, for 40 days' sustenance.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 696; Dec. Dig. § 186.*]

4. EXECUTORS AND ADMINISTRATORS (§ 217*)—CLAIMS AGAINST ESTATE.
    A claim of testator's daughter for repairs to the real estate and other expenses incurred by the testator and paid by the daughter out of her earnings was properly allowed.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 758; Dec. Dig. § 217.*]

5. EXECUTORS AND ADMINISTRATORS (§ 217*)—ALLOWANCE OF CLAIMS.
    Money advanced by a daughter to pay household expenses was not a proper charge against the estate, where the evidence shows that it was voluntarily contributed for family use.
    [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 217.*]

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the judicial settlement of the estate of John G. Meuschke.  Objections to account of executor disallowed in part.

James Farrell, for executor.
Frank E. McDuffee, for legatees.

HEATON, S.  The objections to the account of the executor have been tried on judicial settlement.  The testator left a will giving his real estate, worth $4,000 or $5,000, to his widow, with all the household furniture, a piano, bed and bedding, bureau and bookcase, to his adopted daughter, and $300 to each of six classes of collateral relatives, most of whom live in Germany, the same to be paid from the deposit in the savings bank, and the residue of such deposit to his widow.

The account as filed shows money in savings bank received, with interest, $2,055.60, as constituting all the assets.  None of the household furniture or articles specifically bequeathed to the daughter appears in the account.  The charges for expenses and debts made by the account may be summarized as follows:  Funeral expenses, $381.50; monument, $50; expenses of administration, $123.25; widow's mourning clothes, $120; widow's sustenance, $180; widow's set-off (section 2713, subd. 5), $150; debts, $521.83.  Objection is made to the allowance of each of the following items:  Funeral expenses, $381.50; monument, $50; attorney's fees, $100; widow's mourning, $120; widow's sustenance, $180; debt of Alma Meuschke, $398.65.

The funeral expenses are perhaps larger than were necessary, but they seem to have been contracted in good faith; and, although Mr. Meuschke never earned large wages, yet he had accumulated $7,000 to $8,000, and was somewhat prominent among his fellow Germans. The objections to the funeral expenses are disallowed.

The item of $50 for headstone is allowed, with permission to unite with other relatives in purchasing and erecting a monument according to the proved intention of the deceased, a voucher and proof for which must be filed by the executor within three months.

The attorney's charges are allowed.

The item of $120 for widow's mourning clothes is disallowed.  No vouchers are filed showing its payment by either the executor or the widow.  There is no statute permitting the allowance of such an expenditure, but the courts have established the rule.  Allen v. Allen, 3 Dem. Sur. 524; Matter of Wachter, 16 Misc. Rep. 137, 38 N. Y. Supp. 941; Matter of Weaver, 53 Misc. Rep. 244, 104 N. Y. Supp. 475.  The reason for the allowance as part of the funeral expenses is found in the fact that it is the almost universal practice for members of the family of a deceased person to wear mourning, and a change of apparel is thus rendered necessary as part of the preparation for the funeral and as a mark of proper respect for the deceased.  This expenditure should only be allowed, however, in behalf of those members of the family for whom the deceased was bound to provide, and should be moderate in amount.  The representative should not pay over a lump sum for this purpose, but there should be filed with him proper evidence of the exact amount used and for what it was expended, so that he may act with a due regard for the rights of all interested par-

ties.    He is as much bound to have before him the items of such expenditure as he is of the funeral expenses proper.

The charge of $180 for the "widow's sustenance" is not allowed. No vouchers are filed showing its payment by the executor or its expenditure by the widow.    There are two provisions of the law for the support of the widow for 40 and 60 days respectively, and these statutes do not seem to be clearly separated when sustenance is spoken of.    One is section 2713, subd. 3, Code Civ. Proc., where provisions and fuel may be set off for the support of the widow and minor children for 60 days.    If such articles do not exist, no money can be allowed in their place.    Heaton, Surrogate's Courts, pars. 696–699.    The other provision is found in section 184 of the real property law (Laws 1896, p. 587, c. 547), relating to widow's dower, and it provides that the widow may remain in the chief house of her husband for 40 days (if she have dower therein) without being liable for rent, "and in the meantime she may have her reasonable sustenance out of the estate of her husband."    These statutes ought to be construed so that they will harmonize as far as possible.    Certainly it was not intended that a widow should be allowed for her support from two different sources at the same time, and yet it is not easy to see how this can be avoided in some instances.    Where there are provisions and fuel on hand that can be set off by the appraisers, the widow and minor children are entitled to the same for their support for 60 days.    It would seem that this is the only support the widow would be entitled to, unless the deceased left real estate in which the widow had a dower right, in which case, and in which case only, the widow is entitled to sustenance for 40 days.    By this will the widow is given all the real estate, absolutely; and, having accepted this provision of the will, she has no claim under the real property law for 40 days' sustenance.

The executor has paid a claim presented by Alma Meuschke, the daughter, of $398.65.    This claim is made up of items paid for repairs to the real property, gas and other expenses, incurred by the deceased and paid by the daughter with money earned by her.    These items, amounting to $161.65, are allowed.    Matter of Brown, 60 Misc. Rep. 35, 112 N. Y. Supp. 599.    The balance of the bill is for $3 a week advanced by the said daughter to defray household expenses, and for $45 advanced to Mrs. Meuschke for clothing.    The evidence is that Miss Meuschke was employed in a nearby city, and came home every Saturday afternoon and spent Sunday with her parents, and at that time bought provisions for family use to the extent of $3 a week.    So far as the evidence goes, these payments seem to have been a voluntary contribution by the daughter for family use, and cannot be allowed against the estate of her father under the evidence in this case.

Decreed accordingly.