In the Matter of the Estate of ROSALIE ROSENBLATH, Deceased.

Surrogate's Court, Queens County, March 24, 1932.

*Castellano & Pinkus*, for the petitioner.

*William R. Murphy*, for the respondent.

HETHERINGTON, S. This is a discovery proceeding and it appears that decedent and her husband, who survives, held certain bonds and mortgages wherein both were named as mortgagees, some with and others without the word " survivor " added. The respondent (husband) lays claim to all, urging that his wife and he agreed to make mutual wills leaving the entire property of each to the other respectively, that he fulfilled his part of this contract but that she neglected so to do. The executor concedes that such of the instruments as contain the word " survivor " belong to the respondent, but resists his claim to the others. Issue is tendered as to the making of the alleged contract concerning mutual wills and it is urged that this court has not the power to hear and determine it. Heretofore this would be true, but section 40 of the Surrogate's Court Act provides that this court has jurisdiction to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein (properly before the court) as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter, and (Subd. 4) to enforce against a respondent the delivery of personal property belonging to or withheld from an estate.

Hence to determine whether or not the respondent should be ordered to deliver to the executor property bearing indication that it is of the estate yet to which he asserts a right of ownership, it is necessary to pass upon his claim, upon whatever foundation it rests, in order to make a full, equitable and complete disposition of the matter, and this the act now authorizes the Surrogate's Court to do.

This was recently passed upon by the Appellate Division, Fourth Department (*Matter of Grossman*, 233 App. Div. 887), that court remitting to the surrogate the determination of a somewhat similar question as now under consideration, saying that the Surrogate's Court has jurisdiction to dispose of every claim to property involved in it, referring to the provisions of sections 40, 205 and 206 of the Surrogate's Court Act, the last paragraph of section 206 plainly stating that if title or right to possession be claimed by the respondent, the issue shall be heard and determined. While some doubt heretofore existed as to the power of the surrogate in such cases, it has been cleared away by the decision in *Matter of Akin* (248 N. Y. 202, 206), which states that the amendment of 1924 (Laws of 1924, chap. 100) makes clear that in a discovery proceeding the Surrogate's Court has now jurisdiction to dispose of every claim to property which should be delivered to an executor, administrator or guardian. The objection to the jurisdiction is overruled. Let the matter be brought in for hearing by either party on notice.