In the Matter of the Estate of ROSALIE ROSENBLATH, Deceased.

Surrogate's Court, Queens County, February 3, 1933.

*Castellano & Pinkus*, for the petitioner.

*William R. Murphy*, for the respondents.

HETHERINGTON, S. The respondent and the decedent were husband and wife, and during her lifetime made several investments in bonds and mortgages. In the earlier investments the bonds and mortgages were made simply to the decedent and the respondent. However, in those made during a period of five years immediately preceding her death, the instruments were made payable to both parties or the survivor. As to the latter, the executor makes no claim, but as to the former contends that the decedent had a one-half interest therein. The respondent-husband in his answer lays claim to all and sets up as a defense that his wife and he had agreed to make mutual wills, leaving the entire property of each to the other respectively and that although he had performed his part of the contract, the decedent had failed so to do. The executor contended that the surrogate lacked jurisdiction to adjudicate as to the making and existence of the alleged contract to make mutual wills. This preliminary objection was overruled (143 Misc. 640). The issues were thereafter tried out and the only question now requiring consideration is whether or not the respondent has proved the making of the contract set up in his answer. The only testimony which has any bearing on the making of the alleged contract is that which was given by the respondent's attorney, who testified that he drew two wills, one for the decedent and the other for the respondent, and both of which were duly executed and thereafter given to the decedent. Under the terms of these wills, decedent left everything to her husband and the respondent left everything to the decedent. The attorney also testified that the decedent said that she and her husband had made similar wills before. The most that can be gathered from this testimony is that the parties made reciprocal wills, but the evidence fails to disclose that they were executed pursuant to any agreement. It is well settled that to establish an agreement for mutual wills and defeat the right to revoke a will, there must be full and satisfactory proof of the agreement, which cannot be supplied by presumptions. Merely establishing

that the parties made similar wills with cross provisions in favor of the survivor is not enough to establish a contract to make mutual wills. (*Edson* v. *Parsons*, 155 N. Y. 555.) The situation here presented is no different from that presented in the case cited and in *Kingsbury* v. *Kingsbury* (120 Misc. 362). I am, therefore, compelled to hold that the respondent has failed to establish the making of any agreement to make mutual wills and that the petitioner is entitled to a decree that decedent has a one-half interest in all the bonds and mortgages which fail to contain the survivorship clause and as set forth in the schedule annexed to respondent's answer.

Submit decree accordingly on notice.