In the Matter of the Judicial Settlement of the Accounts of BERTHA BATT BUSH, as Administratrix, etc., of RICHARD C. BUSH, Deceased.

BERTHA BATT BUSH, as Administratrix, etc., of RICHARD C. BUSH, Deceased, Respondent, Appellant; FRANK BUSH and Others, Appellants, Respondents.

Fourth Department, January 9, 1935.

*Norman D. Fish,* for the administratrix.

*Corden T. Hackett,* for Frank Bush and others.

PER CURIAM.  These are cross-appeals from a decree in Surrogate's Court determining objections to an administratrix's account.

We think that the surrogate properly overruled the objection to the item of $150 paid by the administratrix for the services of an expert appraiser.  The services of such a person were necessary in order that a proper appraisal of decedent's estate for purposes of the payment of the estate tax might be had.  We further hold that the surrogate's determination in reference to the objection raised against the administratrix's collection and application of the rents due and becoming due and payable upon the decedent's real estate was proper.  The buildings upon which the rents were collected rested partly upon lands owned by decedent's estate and partly on lands owned by the administratrix in person.  In dividing the rents between the estate and herself, the administratrix used the same proportion in which the lands were valued by the surrogate in reaching his determination of the estate's value as a basis for fixing the amount of the estate tax.  The rents to which the widow was entitled were at no time an asset of the estate.

The provision of the decree sustaining the objection to the sum of $150 set up in the account for the widow's quarantine, under section 204 of the Real Property Law, was proper, the widow at all times being the owner of the house in which she and her husband resided.  (*Peck* v. *Sherwood,* 56 N. Y. 615; *Matter of Meuschke,* 61 Misc. 9, HEATON, S.)  We also approve the surrogate's holding that the buildings erected upon the real property, a part of which belonged to the widow, as above stated, were not personal property of decedent, there being no testimony in the case to support a contrary conclusion.

Items of expense for repairs to the house, which belonged to the widow, incurred subsequent to decedent's death, were also properly disallowed by the surrogate, there being no testimony in the case establishing a contract on the part of decedent for the furnishing of material or labor in the making of such repairs.

In pursuance of section 200 of the Surrogate's Court Act, the appraisers set off to the widow as exempt property, domestic animals appraised at $578; farm machinery appraised at $648; growing crops appraised at $42, and a motor vehicle appraised at $400. Objection was filed against this item on the ground that the widow was only entitled to have property set off to her under this section having a value not to exceed $450.  The surrogate overruled this

objection. In this we think the learned surrogate erred. The subdivision of the section in question reads as follows: " 3. Domestic animals with their necessary food for sixty days, the farm machinery, and one motor vehicle or tractor, not exceeding in value four hundred and fifty dollars." The clear meaning of the section it seems to us is that all of the property set aside to the widow under this subdivision taken together shall not exceed in value the sum of $450.

The contention of the objectors that the widow holds title to the narrow strip of land, upon which a part of the buildings above spoken of stand, under a resulting or constructive trust for the benefit of decedent's heirs at law, was properly overruled by the surrogate. There is no proof, documentary or otherwise, upon which such a contention could be sustained.

So much of the decree as dismissed the objection directed to the failure of the account to include items of personal property erroneously claimed by the administratrix in person by reason of having been set off to her under subdivision 3 of section 200 of the Surrogate's Court Act, is reversed, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion. In all other respects the decree is affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Decree modified on the law and as modified affirmed, without costs of this appeal to either party.