In the Matter of the Estate of Emma M. Razoux, Deceased.*

Surrogate's Court, Kings County, January 9, 1935.

*John D. Armstrong,* for Oscar Meyer, administrator.

*Graham, McMahon, Buell & Knox,* for Sylvia Brull.

WINGATE, S. This is a motion to strike out two of three affirmative defenses interposed to a discovery proceeding instituted against the respondent Sylvia Brull to recover a certain savings bank book.

The petitioner alleges that at some time near the date of death of the decedent, he visited the residence of deceased and found the respondent going through her effects. He then alleges respondent's possession of the specified bank book and prays an inquiry regarding it.

The answer consists of certain denials and of a claim of a gift *causa mortis,* which paragraphs are not presently in issue and also sets up as a " partial defense " that the decedent had given respondent a key to the premises, that she was rightfully in them and performed the various acts done in respect to the effects of the deceased pursuant to an arrangement made with her. Finally, as a complete defense, she alleges an agreement by the deceased

* See, also, 154 Misc. 477.

to leave all of her property with certain specified exceptions to the respondent, by virtue of which the proceeds of the bank book in question became her property. The present motion seeks to strike out the so-called " partial defense " and the defense based on the alleged agreement to will.

The legal bases of this motion are not stated by the applicant who has not favored the court with any memorandum. It may be assumed, however, that in respect to the " partial " defense, he desires to question the materiality of the statements made, and in regard to the defense based on the agreement to will, to obtain an adjudication as to the jurisdiction of the surrogate to pass upon the alleged agreement.

If such be the case, the court wholly concurs in his position respecting the immateriality to the sole issue in the case of the allegations contained in the " partial " defense. That issue is as to whether the petitioner or the respondent is entitled to the particular bank account, and the fact that the respondent may have been wandering about the premises of the deceased is wholly beside the point since she admits that the bank book is in her possession.

It is well established, however, that on a motion to strike out, as on a motion for judgment on the pleadings, the allegations of the parties are to be viewed as on a demurrer under the old practice (*Matter of Keeling*, 148 Misc. 798; *Matter of Killough*, Id. 73, 74; *Matter of Duggan*, 146 id. 596, 597; *Matter of Kirkman*, 143 id. 342, 343), in which the moving party could not be permitted to succeed if his own previous pleading could not bear scrutiny. In the present instance, the petitioner saw fit to introduce these wholly irrelevant and purely evidentiary matters into his petition, and having done so, cannot be heard to complain that the respondent has seen fit to answer them.

The question of jurisdiction to determine the validity of the contract to will is capable of equally summary disposal. Such a contract as here presented differs in no material respect from those daily adjudicated in Surrogates' Courts respecting transactions entered into by a decedent. To be sure, the right of the respondent, if established, is of purely equitable cognizance, but the authority to adjudicate claims of such a nature is too well established to render the question legally interesting. A few of the almost innumerable authorities upholding the jurisdiction of the court to determine equitable questions are cited in *Matter of Dickman* (142 Misc. 207, at p. 210).

The Legislature has commissioned surrogates " to administer justice in all matters relating to the affairs of decedents, and upon

the return of any process to try and determine all questions, legal and equitable * * * as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter." (Surr. Ct. Act, § 40.) The present is such a question, wherefore the court possesses the power and is under the obligation to decide it.

The precise question here at issue was raised before Surrogate HETHERINGTON (*Matter of Rosenblath*, 143 Misc. 640), and this court is fully in accord with the result attained by him. (See, also, *Matter of Grossman*, 233 App. Div. 887, 888; *Matter of Higgins*, 264 N. Y. 226, 229, 230.)

The motion is accordingly in all respects denied, with costs.

Enter order on notice.