In the Matter of the Estate of EMMA M. RAZOUX, Deceased.

Surrogate's Court, Kings County, February 16, 1935.

*John D. Armstrong*, for Oscar Meyer, administrator.

*Graham, McMahon, Buell & Knox*, for Syliva Brull.

WINGATE, S. This is an application for reargument of a motion to strike out certain portions of an answer in a discovery proceeding which was decided adversely to the applicant (154 Misc. 128). Both motions are typical of an increasing number of similar proceedings which have become the bane of certain other courts of this State, and which will, if encouraged, result in transforming the procedure of this court from one in which substance is paramount to a mere web of technical rules, promoting no good purpose and efficacious only to trap the inexperienced or unwary suitor.

Perhaps such a highly developed practice may serve some good purpose in courts of general jurisdiction. On this question the court ventures no opinion. It cannot fail to have untoward effects in a tribunal whose chief functions are the safeguarding of the rights of widows and orphans and before which an appreciable percentage of interested parties either appear in person or, relying on its probity and alertness to effect substantial justice, submit their rights to the protection of the court itself without any appearance whatsoever.

It is of course unquestionable that except where express provision to the contrary is made in the Surrogate's Court Act, the Civil Practice Act and Rules of Civil Practice are here applicable (Surr. Ct. Act, § 316), but where such application involves subtle niceties of procedure, wholly divorced from substantive rights, any person seeking to invoke them will be apt to find Surrogates' Courts lending an unsympathetic ear to his arguments and displaying a perhaps unsuspected familiarity with countervailing technical possibilities to the end that emphasis be returned to substantive realities to the desertion of procedural immaterialities.

At page 9 of the movant's brief he recognizes the fact that if the present respondent " had been able to reduce to her possession all of the assets of the decedent," then *Matter of Rosenblath* (143 Misc. 640) " might be applicable, since then the administrator's attempt to get all of the property from " her " would have brought ehe question of title thereto in issue." At page 12 he intimates the txistence of creditors of the estate.

There is nothing whatsoever in the record or before the court to indicate that there is any property of the estate of any value whatsoever in the hands of the administrator and not in the possession of the respondent, or that there are any creditors of the estate, and on primary principles, statements in briefs are valueless for this purpose. (*Matter of Markowitz*, 152 Misc. 1, 2; *Matter of McKeogh*, 151 id. 327, 328.)

So far as the record discloses, therefore, the applicant seeks merely to reduce to possession an item of property which he would, if the third defense is established, hold solely for the benefit of the respondent. Such circuity of action is not to be favored. If the entire controversy can be determined in the pending proceeding, there is no reason for burdening the parties and the court with an additional one.

The pleadings plus the inferred reply in denial or in confession and avoidance (*Matter of Larney*, 148 Misc. 871, 872) have raised a number of triable issues, among others, as to the fact and validity of a contract to will and the presence of creditors having rights prior to the respondent which would have to be worked out through the administrator. If such creditors exist, this may be shown on the hearing which is inevitable in any event, and will furnish a basis for invalidating the third defense, but it does not appear from the pleadings, and is not a necessary logical deduction from their allegations.

The proper course for the applicant to pursue is to proceed with the demonstration of the substantive rights which may exist in which connection he may confidently rely on the active support of the court in sustaining any substantial rights of which he may demonstrate his possession.

The motion for reargument is accordingly granted, and on such reargument the court adheres to its former decision.

Enter order on notice.