In the Matter of the Estate of DAVID A. KISTLER, Deceased.

Surrogate's Court, Kings County, May 6, 1938.

*Gross & Keck,* for the Title Guarantee and Trust Company, trustee, petitioner.

*John T. Waters,* special guardian for Katherine Shaeffer, infant remainderman.

*Edwin D. Kenyon*, for Lloyd D. Kistler, as executor, etc., and remainderman.

*Philip V. Manning*, for Anna D. Kistler, life beneficiary.

WINGATE, S. This is a petition by a corporate testamentary trustee for permission to resign. Objection thereto is interposed by a special guardian on the ground that such application is presently premature.

The will of the decedent, who died on July 30, 1931, was admitted to probate on February 3, 1932, on which date letters testamentary were issued to Lloyd G. Kistler, the nominated executor. The present petitioner, the Title Guarantee and Trust Company, was named as trustee of a trust erected by the " second " item of the will. It duly qualified in that capacity on February 4, 1932, and received letters of trusteeship two days later.

The trust, thus erected, was designed to have a principal of $30,000, which was to be held for the life benefit of the widow with remainders in specified sums to a charity and to named individuals. The special guardian represents one of these individuals.

The executor has never accounted, and, although more than six years have elapsed, no proceeding seeking a compulsory accounting has ever been instituted against him. Aside from the trust, the only benefit conferred by the will is a residuary gift to the executor as an individual.

It is asserted without contradiction that no payment of the principal funds of the trust has even been made to the trustee, the reason assigned for this failure being that whereas the estate tax proceeding indicated that the net estate totaled $56,721.84, it was composed preponderantly of assets which were allegedly " frozen."

This situation is by no means unprecedented, and potentially presents the not unfamiliar situation of diverse and conflicting interests in which a fiduciary, who is also a residuary legatee, is unwilling to sacrifice his personal rights in the remainder by complying with his statutory obligation to liquidate the assets of the estate at what he deems inadequate prices in order to comply with his primary obligation to solve the preferred gifts.

As between the executor and the trustee in a situation like the present, the gift of the corpus of the trust is an outright legacy, which entitles the donee to compel solution at the termination of the statutory period, which at the time the obligation in this regard matured in the present instance, was one year after the date of letters. (Dec. Est. Law, § 146, as enacted by Laws of 1920, chap. 919; *Matter of Stulman*, 146 Misc. 861, 868.)

Accordingly, from and after February 3, 1933, the trustee was in essence the holder of a matured and enforcible debt against the executor for the payment of $30,000 which bore interest at six per cent from that date (*Matter of Taft*, 143 Misc. 387, 391; *Matter of Harned*, 140 id. 151, 153, 154; affd., 234 App. Div. 796; *Matter of Rutherford*, 196 N. Y. 311, 315), irrespective of the subsequent productivity of the funds in the hands of the executor. (*Matter of Oakes*, 19 App. Div. 192, 193; *Clayton* v. *Kingston*, 202 id. 165, 168; *Matter of Rutherford, supra*.)

The sole legal ownership of this chose in action was vested in the trustee and it alone possessed the authority requisite for its enforcement. (*Bushe* v. *Wright*, 118 App. Div. 320, 322; *Matter of Meehan*, 104 Misc. 219, 222; *Matter of Harbeck*, 142 id. 57, 68; *Matter of Kamhi*, 147 id. 620, 621; *Matter of Lesser*, 154 id. 364, 367.) In spite of this fact it had admittedly done nothing to realize upon the established legal rights which it held as in a fiduciary capacity for its *cestuis que trustent*. In view of its assumption of the trust duty imposed by the terms of the will, its failure to act presents a potential basis of liability in equal measure as if it had performed affirmative, improper acts. Nonfeasance is as potent a ground for surcharge as misfeasance. (*Matter of Auditore*, 249 N. Y. 335, 345; *Matter of Steinberg*, 153 Misc. 339, 341; *Matter of Greenberg*, 149 id. 275, 276.)

Conceivably, the neglect of the trustee may have amounted in effect to a tacit acquiescence in a speculation by the executor with the assets of the estate for his private advantage as remainder-man. If such shall prove to be the fact the trustee can scarcely hope to escape responsibility for the neglect of the fiduciary obligations which it voluntarily assumed if loss to its beneficiaries has resulted therefrom. Whether or not such result will actually eventuate is incapable of determination until after the accounts of the executor have been settled. Until that event has occurred the trustee may not seek a summary exoneration of its potential liability.

The fact that the attempted justification of its non-action may conceivably involve the trustee in personal expense is not a pertinent consideration. It should have considered that fact either prior to its undertaking its trust obligation or during the more than six years which have since elapsed.

In view of the fact that the executor has evinced no intention of seeking a voluntary judicial settlement of his accounts and that the trustee, which was the proper person to institute a compulsory proceeding, has neglected to do so, the court itself will exercise the authority in this regard accorded by section 257-a of the Surrogate's Court Act and will direct the executor to file and proceed to settle his accounts within thirty days.

Until the demonstration in such proceeding as to whether or not the failure of action of the trustee has affected adversely the interests of its *cestuis que trustent*, the present proceeding is premature and its petition for the settlement of its account and the acceptance of its resignation must be denied.

Enter order and decree on notice in conformity herewith.