In the Matter of the Estate of MARY L. O'FLYN, Deceased.

Surrogate's Court, Kings County, September 13, 1940.

*Wingate & Cullen* [*Edward J. McDonald* of counsel], for The National City Bank of New York, as trustee, petitioner.

*Miller, Owen, Otis & Bailly* [*Edward J. Bennett* and *Alfred J. Callahan* of counsel], for E. Monroe O'Flyn, objectant.

WINGATE, S. The situation disclosed on this motion to dismiss objections is that the accountant is the trustee of a residuary trust under the will of this decedent. A *cestui que trust* has objected to the account on the ground that the accountant has failed to charge itself with a certain parcel of real property which, he asserts, should constitute one of the assets of the trust. The trustee has

moved to dismiss the objections on the ground that this court possesses no authority for their adjudication since, it is asserted, it would involve a determination respecting the title to real estate.

This conception involves a misunderstanding of the nature of a proceeding for judicial settlement of the accounts of a fiduciary. In such a litigation that which is submitted to scrutiny is the acts or neglects of the accountant in the administration of the estate or trust in his charge. His conduct will be approved if it has measured up to the standards required by the law for one in his position; he will be held liable to respond in damages if they have not, and it is wholly immaterial what the nature of his dereliction may have been and whether it constituted misfeasance or nonfeasance.

In the process of adjudication the actual title to assets is not involved except as an incidental matter in the process of the demonstration of whether the acts of the fiduciary have been proper or improper. He holds the legal title to the assets of the estate, and by reason of that fact, in the vast majority of cases, may dispose of them to third parties like any other legal owner, subject only to his obligation to respond in equity to his *cestuis que trustent* for the propriety of his actions.

If a fiduciary sells assets of an estate for an inadequate price, or otherwise improperly parts with their title, the process of surcharging him for his misfeasance in no way affects the validity of the conveyance so far as the third party is concerned, but the fiduciary is compelled to respond in damages for his legally improper act.

Similarly, if assets of the estate have come into the possession of the fiduciary but are lost through his neglect or mismanagement, as, for example, by failure to pay mortgage interest in consequence of which real property of the estate is lost through mortgage foreclosure, the process of determining the liability of the fiduciary for his misfeasance does not affect the title to the property which has passed to another, but compels him to respond in damages for his neglect in respect of the particular estate asset in question.

The present situation is identical in principle. The objector charges the trustee with culpable nonfeasance in office by reason of its alleged failure to reduce an asset of the estate to its possession. Admittedly the title is in another. The objector does not seek to alter this situation but to hold the fiduciary liable for its act in permitting it to come to pass or to continue. In one aspect it is somewhat similar to an objection to an account of an executor for failure to collect a debt which has become barred by limitation.

An objection predicated on such a ground does not affect the status of the debt or the debtor, but merely compels the fiduciary to pay the penalty for his violation of his primary duties of diligence and prudence.

Since in the present case the fiduciary in effect denies that the particular property in question was rightfully an asset of the estate, the burden of demonstrating that fact will be imposed on the objector. A determination in favor of the objector, if attained, will, however, be predicated on the culpable nonfeasance of the trustee, with the determination of actual title merely one link in the chain of demonstration.

The authority to determine the liability of its fiduciaries for misfeasance or nonfeasance in office is one of the primary functions of the Surrogate's Court and in the performance of this duty it is expressly accorded authority by section 40 of the Surrogate's Court Act " to try and determine all questions, legal and equitable, arising between any or all of the parties to any proceeding    *    *    * to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires."

The powers thus accorded " call for a liberal construction. *    *    *    ' Concentration of jurisdiction as to decedents' estates *    *    *    is the purpose clearly revealed in the statutory scheme. The State has empowered surrogates in unmistakable language, and it is not the function of the courts to discover or to fashion reasons for thwarting the manifest policy.' " (*Matter of Raymond* v. *Davis*, 248 N. Y. 67, 72.)

" The essential point is whether the transactions concerning the property    *    *    *    constitute ' matters relating to the affairs of a decedent.' If they do, the provisions of section 40 of the Surrogate's Court Act    *    *    *    confer the broadest jurisdiction upon the surrogate." (*Matter of Lyon*, 266 N. Y. 219, 222.)

If this condition precedent meets with compliance, the surrogate possesses authority, as an incidental matter, to make any determination whatsoever, including many issues examination of which would be foreclosed to him were they the ultimate issues in the litigation. Typical of this condition are the almost daily surcharges of executors for failure to enforce valid legal demands of the estate arising from *inter vivos* transactions of a decedent with third parties. The surrogate possesses no authority to enforce these as between the fiduciary and the third party (*Matter of Thomas*, 235 App. Div. 450, 454; *Matter of Hammer*, 237 id. 497, 502; affd., 261 N. Y. 677), yet if the claim is valid and the fiduciary

fails to take appropriate steps for its collection, he may be held liable on the judicial settlement of his accounts for neglect of his duties. (*Matter of Kistler*, 167 Misc. 528, 530; *Matter of Heubach*, 165 id. 196, 202.) A necessary step in such adjudication is a determination that the *inter vivos* transactions between the decedent and the third party were such as to give rise to a valid legal obligation on the part of the latter.

The court ordinarily possesses no jurisdiction to interpret or enforce *inter vivos* contracts. On an accounting, however, it has, and habitually exercises, the authority to construe and enforce agreements by a decedent to dispose of his property in a specified manner. (*Matter of Higgins*, 148 Misc. 30, 32; affd., 264 N. Y. 226, 229; *Matter of Lamerdin*, 157 Misc. 431, 433; affd., 247 App. Div. 887; *Matter of Razoux*, 154 Misc. 128, 130.)

Finally, and presently most pertinent, it has repeatedly been held that whereas in a direct proceeding the jurisdiction of the surrogate does not extend to an adjudication of the title of realty, this jurisdiction does inhere in the course of the determination of issues upon an accounting. (*Matter of Bush*, 243 App. Div. 322, 324; *Matter of McArdle*, 140 Misc. 257, 258, 259; *Matter of Engel*, Id. 276, 284; *Matter of Van Muffling*, 154 id. 300, 303; *Matter of Poth*, 155 id. 116, 120; *Matter of Gurevitch*, 166 id. 439, 442.)

Examination of the record in *Matter of Brown* (221 App. Div. 772), upon which the accountant relies, demonstrates that it is not in point since it involved an executorial accounting under a will whose terms gave the accountant no rights in respect of the property for which he was answerable in the proceeding.

The present issue is solely between the trustee and the objector as to the culpable nonfeasance of the former in failing to reduce to possession a certain alleged asset of the estate. In the course of decision of this issue the surrogate will be obliged to determine whether title thereto did or should have passed to the trustee. This is, however, merely incidental and is clearly within the statutory authority to " determine * * * *all* matters necessary to * * * a full, equitable and complete disposition." (Italics supplied.)

The motion to dismiss the objections will be denied, with costs.

Enter order on notice in conformity herewith.