Maximilian Moss, S.
The administrator has rendered and filed his account. Schedule H has listed certain real property and the income thereof as assets of the decedent’s estate. Objections have been filed by the committee of decedent’s incompetent sister which, among other matters, alleges that decedent was the record owner of said property as trustee of a constructive trust for the benefit of the incompetent, the actual beneficial owner. Prior to the filing of the account the committee had commenced an action in the Supreme Court, Kings County, against the administrator as such, and individually as one of decedent’s distributees, alleging facts substantially the same as those set forth in the afore-mentioned objections.
The administrator now makes six motions and the objeetant committee three cross motions with respect to issues raised by the pleadings. The motions are disposed of as follows:
Motion I by the administrator is to strike out and dismiss the objections on the grounds (a) that there is another action pending between the same parties for the same cause, and (b) that the court has not jurisdiction of the subject matter. This motion is denied. The authorities clearly hold that under such circumstances the cross claim interposed is proper. (Westmin *1025 ster Presbyt. Church v. Trustee of Presbytery of N. Y., 211 N. Y. 214, 219-220; Burke v. Betts, 126 Misc. 601; McClellan v. Steywart, 171 Misc. 514; Filiciotto v. Cullen, 69 N. Y. S. 2d 221.) The Surrogate’s Court has jurisdiction of the subject matter. Surrogate Wingate in Matter of O’Flyn (174 Misc. 1025, 1028) stated the rule as follows: “whereas in a direct proceeding the jurisdiction of the surrogate does not extend to an adjudication of the title of realty, this jurisdiction does inhere in the course of the determination of issues upon an accounting. (Matter of Bush, 243 App. Div. 322, 324; Matter of McArdle, 140 Misc. 257, 258, 259; Matter of Engel, id. 276, 284; Matter of Van Muffling, 154 id. 300, 303; Matter of Poth, 155 id. 116, 120; Matter of Gurvitch, 166 id. 439, 442.) ” And, in Shearn v. Lord (156 N. Y. S. 2d 32, 35, affd. 3 A D 2d 823) where the issue was practically the same as in the instant case, the court said: “ The dispute clearly is between plaintiff and the estate of decedent. In my opinion the determination of that question is inextricably interwoven with the administration of the estate in that no final disposition can be made with regard to the account attempted to be settled by the defendant, Lord, until it is decided whether the estate is the owner of the property or not.”
The administrator’s motion II for leave to reply to the objections and III for a bill of particulars of the matters set forth in the objections are granted. However, with respect to the bill of particulars the objectant by cross motion asks that she be permitted, where she has no knowledge or information of the items sought, to state such lack of knowledge or information in lieu thereof and that service and filing of such bill of particulars be not required until 20 days after completion of the examination before trial of the administrator individually. Such requests appear to be reasonable under all the circumstances and in line with this court’s usual practice. Accordingly, the order on the motion for the bill of particulars will contain the conditions requested by the objectant.
The objectant does not oppose motion IV for her examination before trial by the administrator but by cross motion she contends that the scope of the examination as an adverse party should be limited to matters of which she has knowledge as committee of the incompetent and should not include knowledge on her part as an individual. The request is proper and within the rule laid down in Pardee v. Mutual Benefit Life Ins. Co. (238 App. Div. 294) and the examination should proceed accordingly. The objectant is required to produce relevant books and papers which she possesses or controls upon such examination for use pursuant to section 296 of the Civil Practice Act.
*1026 The administrator’s motion V for the examination before trial of Mary P. Boyd (committee), Robert Pisano, Sal Pisano and Jennie Wiskotzil, as witnesses, is not opposed by the object-ant. By cross motion, however, she requests, that the examination should preliminarily be limited to two of the four children of the incompetent, and after their examination has been completed and it is shown that the examination of the other two is necessary, then the others may be examined, and that in any event the examination of said witnesses should be postponed until 15 days after the examination of Joseph Yule, sought by cross motion of the objectant, has been completed. To the extent that the objectant seeks a postponement of the examination of the said witnesses until the administrator has been examined, the request is granted but otherwise denied. The witnesses are required to produce relevant books and papers which they possess or control upon such examination for use pursuant to section 296 of the Civil Practice Act.
Objectant’s cross motion for an examination before trial of Joseph Yule, individually and as administrator of the estate is granted. The witnesses and the parties will be required to produce relevant books and papers in their custody for use upon the examinations as provided in section 296 of the Civil Practice Act.
Settle order on notice.