Joseph A. Cox, S.
These are motions by one of the respondents for the issuance of a commission and by the administratrix for an order vacating a notice of examination before trial in a proceeding for the sale of real property. The application was brought on by the administratrix in connection with the sale of deceased’s 16% undivided interest in a building located at 353 East 53rd Street and with his interest in a bond and mortgage which the mortgagor has indicated a wish to redeem. On her application the petitioner cited the decedent’s father as a possible distributee and claimant. He has appeared and filed an answer asserting ownership of the property and stating that the deceased acquired record title as his nominee with funds which he advanced for the purchase. It will be seen from the foregoing that a fundamental, though collateral, issue for determination is the question of ownership as between the estate of the deceased and his father for, unless title to the property resided *838 in the son at the time of his death, the court has no power to make any direction concerning its sale.
The petition for leave to sell the property asserts a state of facts which would entitle the administratrix to the relief sought (Surrogate’s Ct. Act, §§ 233, 234). The problem, however, is whether this court, as a necessary incident to the grant of that relief may first try the issue of ownership. The rule for decision of this question has been formulated by decisions which are applicable by analogy though none involved proceedings under section 233 and 234 of the Surrogate’s Court Act.
The Surrogate’s Court has been granted jurisdiction “ [t]o administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding', or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires ” (Surrogate’s Ct. Act, § 40). Any doubt as to the interpretation of this statute was dissipated by the holding in Matter of Raymond v. Davis (248 N. Y. 67) wherein it was held that the power conferred by the statute is to be broadly construed in order that its manifest policy should not be thwarted. A like interpretation was given to the statute in Matter of Auditore (223 App. Div. 654, mod. 249 N. Y. 335) and the rule was restated in Matter of Venblow (2 A D 2d 365, 367) where it was said: “ In Matter of Sturmer (277 App. Div. 503, 509-510) this court stated: ‘ By section 40 of the Surrogate’s Court Act, no specific power is given to the court to adjudicate the ownership or possession of real property in an independent proceeding for that purpose. The general equitable powers of the Surrogate’s Court come into being only when the court has before it a proceeding of which it has jurisdiction. Then it may hear and determine all questions, legal or equitable, to do full and complete justice between the parties.’ ” Other cases referring to the power of the Surrogate in a proceeding of which he has jurisdiction to dispose of all issues incidental to the principal relief requested are Feit v. Schwarts (83 N. Y. S. 2d 576); Matter of O’Flyn (174 Misc. 1025); Matter of Bush (243 App. Div. 322); Matter of Holland (56 N. Y. S. 2d 38) and Matter of Birnbaum (10 Misc 2d 82).
Had this proceeding been instituted by the administratrix to set aside a deed to realty, it would be apparent that jurisdiction *839 would not lie in this court hut here record title to the property was in the decedent and jurisdiction to order the sale of an intestate’s realty is conferred by explicit provisions of the Surrogate’s Court Act. The collateral issue is raised by the respondent in opposition to the sale, the relief requested in the petition. If the respondent is desirous of setting aside the deed, another forum is available to him. However, the respondent has not sought that relief in a proper court and he cannot be compelled to do so. The situation thus presented is one where, if this court lacks jurisdiction to pass upon the petition herein, it is only because of an obstruction placed in its way by the respondent’s answer and the administration of the estate must come to a stop, with the dangers consequent thereto, until the respondent determines to take appropriate action in another court. It is the opinion of this court that section 40 of the Surrogate’s Court Act, was intended to meet this very situation and that jurisdiction to determine the issue exists. If it shall be found that title to the property was in the decedent, the advisability of a sale will be considered. If it shall be found that decedent was not the owner of the property, the petition will be dismissed.
The motion for the issuance of a commission is granted and the motion to vacate the notice to take testimony is denied. It is charged by the administratrix that the purpose of the moving party is to harass the petitioner but that charge has not been established. The fact that, in the view of the petitioner, persons may be available in this country to testify to the transaction in nowise affects the right of the respondent to make his own selection of witnesses.
Submit orders on notice.