S. Samuel Di Falco, S.
This is an application by the administratrix under section 205 of the Surrogate’s Court Act for an order requiring the respondent to submit to examination in discovery concerning the collection by her of rents from tenants occupying rooms in premises which the petitioner alleges belonged to the deceased. The record owner of the property in question is revealed to be the respondent against whom the petitioner has previously instituted an action in the Supreme Court, New York County for judgment adjudicating “ that title to said property is in the name of James Martin Tuitt and that said property is part of the estate of James Martin Tuitt ”.
It is at once apparent that the petitioner’s right to recover the rents collected by the respondent depends upon her first establishing that title to the property resided in the deceased at the time of his death. By resorting to the jurisdiction of the Supreme Court for resolution of that question she has foreclosed her right to institute a subsequent proceeding in discovery in this court. The rule is stated by Mr. Surrogate Foley in Matter of Andrews (172 Misc. 373), a case on all fours with the proceeding at bar. He said (pp. 373-374): “It is clearly evident that full relief and justice can be obtained in the first proceeding instituted by the petitioner in the Supreme Court. In such circumstances, under our system of jurisprudence, a second proceeding between the same parties which seeks the same relief is not maintainable * * * this discovery proceeding is dismissed.”
A further obstacle in the path of the petitioner is the rule which forbids this court to exercise jurisdiction to try title to real property in proceedings under section 205 though that jurisdiction does adhere in other situations as has been most recently pointed out by my colleague, Mr. Surrogate Cox, in
*917 Matter of Guetta (17 Misc 2d 837). The rule, here, however, is that stated by Mr. Surrogate Savarese in Matter of Mints (160 N. Y. S. 2d 881) where he said: “ Under section 205 of the Surrogate’s Court Act the jurisdiction of this court is limited to the discovery of money or other personal property, and the proceeds or value thereof. A determination here of the ownership of the rents would necessarily involve a determination of the title. While jurisdiction to do so was assumed in Matter of Poth’s Estate, 155 Misc. 116 * * * the weight of authority is to the contrary. Matter of O’Flyn’s Will, 174 Misc. 1025 * * *; Kollhopp’s Estate, Sur., 142 N. Y. S. 2d 244; Matter of Kilgallen’s Estate, 204 Misc. 558 * * *, affirmed 285 App. Div. 1151 * * *; Matter of Sturmer’s Estate, 277 App. Div. 503 * * *, reversed on other grounds 303 N. Y. 98 * * *. Since this court has no jurisdiction of the subject matter, it would be a futile act to allow an examination of the respondent. Friedberg v. Santa Cruz, 274 App. Div. 1072 * # #. The motion to vacate the notice is granted. Settle order on notice. ’ ’
The petition in discovery is accordingly dismissed.