Edward S. Silver, S.
Testatrix’ will gave the sum of $2,000 in trust for the benefit of petitioner who was entitled to the corpus and accumulated income thereof when he became 21 years of age. The will was admitted to probate in 1945 and the executrix thereunder qualified. It is undisputed that the estate was sufficient to pay all trusts and other bequests in full. After letters testamentary were issued, respondents’ testator qualified as trustee for the benefit of petitioner. By his objection to the trustee’s account, petitioner asks that the trustee’s estate be surcharged for the amount of the fund and income thereon. Respondents’ testator asserted “ Not a single dollar of these trusts funds was ever received by me Respond *140 ents’ testator in an affidavit, filed in this court before his death, offered no explanation for his failure to take the fund into his possession and did not attempt to justify his failure.
Relying on Farmer’s Loan & Trust Co. v. Pendleton (179 N. Y. 486), respondents assert (1) it was petitioner’s burden to establish affirmatively that the deceased trustee was negligent in not reducing the fund to his possession, and (2) his representatives upon an accounting are chargeable only for the amount found to be in their hands.
There are significant distinctions between the cited case and .the instant matter. The Court of Appeals pointed out (p. 495): “ The character of this action should be kept in mind. It is purely an action for an accounting and for nothing else. Therefore the plaintiff was entitled to the relief appropriate to such an action. It was not an action for breach of trust ”. In that case there were two trustees and it appeared that a portion of the fund in question was in the hands of the cotrustee for which the respondents’ testator would not be liable unless the fund subsequently came into his hands. Further distinctions could be pointed out but these are enough. In the instant matter the basis of the claim of the petitioner is the admitted failure of the respondents’ testator to take into his possession the fund eoncededly available.
. In support of their position, respondents quote this from the" cited decision, supplying emphasis (p. 493): “ The contestants were required to show by competent proof the amount of the estate in the hands of the decedent as executor or trustee thereof,' and his representative upon an accounting was chargeable only for the amount thus found to have been in his hands.’’ .That paragraph continues this way: “The defendant being unable to state the account so far as it related to any portion of the trust fund that came into the hands of her testator, if any, the plaintiff, before it was entitled to a final judgment for any sum, was required to show not only ’ that a portion of the fund came into the hands of the defendant’s testator, but also to show the amount, and the court could properly charge the defendant only with that amount, as in no case will a trustee be held for more than he receives, if he is in no fault and has committed no breach of the trust.” (Emphasis supplied.)
In Bank of New York v. New Jersey Title Guar. & Trust Co. (256 App. Div. 609), the court approved the proposition that a trustee is liable to the beneficiary if he neglects to take proper steps to redress a breach of trust committed by a predecessor fiduciary, and observed that this was too clear to require detailed argument. In Matter of Kistler (167 Misc. 528, 530), it was *141 held that, in view of the assumption of the trust duty imposed by the terms of the will, the trustee’s failure to reduce the fund to possession presented a potential basis of liability in equal measure as if the trustee had performed affirmative improper acts, noting “ Nonfeasance is as potent a ground for surcharge as misfeasance.”
It was the clear duty of the trustee to obtain possession of the fund; he was required to use care and diligence in doing this. His unexplained failure to use the necessary diligence was at his personal risk and he was liable for the resulting loss (32 A. L. R. 926; 1 Perry, Trusts [6th ed.], pp. 462, 704; 39 Cyc. 321; Matter of Chalmers, 163 Misc. 142). The facts of this case show prima facie negligence on the part of the trustee for the loss sustained, and it is the duty of his representatives to show that he was not negligent. The trustee’s own affidavit makes no attempt to do this and his representatives have adduced no evidence of prudent action on his part. The objections to the account are sustained. The personal representatives of the trustee, in their representative capacity, are surcharged with the sum of $2,000, plus interest at savings bank rates current during the period involved compounded quarterly in the sum of $1,644.73 as computed by the court.